713 F.2d 577
 13 Fed. R. Evid. Serv. 1909
 ROCKWOOD INSURANCE COMPANY, Plaintiff-Appellee,
v.
CLARK EQUIPMENT CO., INC., Defendant,
C.L. Smith d/b/a Smith Equipment Company and Donald J. Smith
d/b/a Smith Equipment Company, Defendants-Appellants.
ROCKWOOD INSURANCE COMPANY, Plaintiff-Appellant,
v.
CLARK EQUIPMENT CO., INC., Defendant-Appellee,
C.L. Smith d/b/a Smith Equipment Company and Donald J. Smith
d/b/a Smith Equipment Co., Defendants.
 Nos. 81-2321, 81-2348.
 United States Court of Appeals,
Tenth Circuit.
 July 25, 1983.
 
 Bobby L. Odom of Niblock & Odom, Fayetteville, Ark., and Harry Scoufos of Scoufos & Montgomery, Sallisaw, Okl., for Rockwood Ins. Co.
 James G. Wilcoxen of Wilcoxen & Cate, Muskogee, Okl., for C.L. Smith and Donald J. Smith d/b/a Smith Equip. Co.
 Joe R. Kennedy, Kennedy, Kennedy, Wright & Stout, Muskogee, Okl., for Clark Equip. Co.
 Before HOLLOWAY, DOYLE and BREITENSTEIN, Circuit Judges.
 BREITENSTEIN, Circuit Judge.
 
 
 1
 This is a subrogation action by an insuror to recover the amount paid to its insured for the fire loss of a logging machine. Jurisdiction is based on diversity. The insuror sued both the seller and the manufacturer for breach of warranty and defective product design. It also sued the seller for negligence as bailee when it had the machine in its possession for repair. The seller cross-claimed against the manufacturer for breach of warranty and defective design. The manufacturer cross-claimed against the seller for bailee negligence. The trial court dismissed the insuror's warranty and product liability claims, and said that the bailee's and the manufacturer's cross-claims were moot. Judgment, after a jury verdict, awarded the insuror $38,500 recovery from the bailee. These appeals relate to the bailee's cross-claim against the manufacturer and the awards of attorneys' fees. We affirm.
 
 
 2
 Curt Bean Lumber Company (Bean) purchased a new logging machine from defendants C.L. Smith and Donald J. Smith d/b/a Smith Equipment Company (Smith). The machine was manufactured by Clark Equipment Company (Clark). Rockwood Insurance Company issued a policy covering the machine and insuring Bean against fire loss. Bean had trouble with the machine because of its overheating. On Bean's third service call, Smith took the machine to its place of business for repairs and testing. An employee of Smith took the machine to a timber area for testing. The machine overheated. The operator left the machine unattended with the motor running on idle. On his return about 15 minutes later, from a refreshment break, he found the machine in flames which he and his helpers could not extinguish. The machine was totally destroyed. Rockwood paid Bean under its policy.
 
 
 3
 No. 81-2321 is an appeal by the bailee, Smith, on its cross-claim against Clark, the manufacturer, and is based on the trial court's exclusion of certain evidence. Smith does not attack the judgment against it and in favor of the insuror. In its appeal, No. 81-2348, the insuror does not attack the dismissal of its claim against the manufacturer but only the attorneys' fee award against it and in favor of the manufacturer.
 
 
 4
 To support its claim against the manufacturer, the insuror called an expert witness, Akin. In a deposition taken after he had examined the machine, Akin said that no design defect caused the fire. Tr. 242. Later he was furnished a modification letter, sent by the manufacturer after the fire and suggesting certain changes. The manufacturer objected to the receipt in evidence of that letter on the ground that it was not admissible under Rule 407, Fed.R.Evid., relating to subsequent measures. On the basis of the modification letter, Akin testified that the design was defective. The court rejected the modification letter and Akin's testimony based on it. On the manufacturer's motion the court dismissed the claim of the insuror against the manufacturer and held that the reciprocal cross-claims of the bailee and the manufacturer were moot. The case went to the jury on the negligent bailment claim against Smith and the jury found Smith liable. That verdict, and the judgment based on it, are not attacked. The evidence issue pertains only to the cross-claims of the bailee and the manufacturer. On the record before us, doubt exists as to whether those cross-claims are properly presented by the appeals. Be that as it may, we consider the evidentiary claim so that the controversy may be ended. Rule 407 says that after-the-event remedial measures are not admissible "to prove negligence or culpable conduct in connection with the event." The Committee Note says that the Rule rests on two grounds: (1) the conduct is not in fact an admission and (2) social policy encourages, rather than discourages, the promotion of safety. The application of the Rule to product liability cases has been questioned. Compare Farner v. Paccar, Inc., 8 Cir., 562 F.2d 518, 528, with Cann v. Ford Motor Co., 2 Cir., 658 F.2d 54, 60.
 
 
 5
 We find it unnecessary to decide the point. The modification letter came after the event. The evidence does not show what motivated the manufacturer in issuing the letter or when the manufacturer decided to send the letter. Before reviewing the letter the expert said that the design was not defective. The change in testimony was not communicated to the attorneys for the manufacturer until a day before the trial. The bailee seeks to take advantage of the rejection of evidence offered by the insuror. The evidence of negligence by the bailee is substantial and convincing. Rule 403 says that relevant evidence may be excluded if its probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury ...." The trial court did not abuse its discretion in excluding the modification letter and the testimony based on it. See Knight v. Otis Elevator Co., 3 Cir., 596 F.2d 84, 91-92.
 
 
 6
 The court awarded Clark, the manufacturer, $8,590.37 attorneys' fees to be paid by Rockwood, the insuror, and $12,000 attorneys' fees to be paid by the bailee, Smith, to Rockwood. The amount of the awards is not questioned. The arguments attack the liability for the fees. Rule 54(d), Fed.R.Civ.P., permits the award of costs to the prevailing party. In a diversity action, the right to recover attorneys' fees as a part of costs depends on state law. Hefley v. Jones, 10 Cir., 687 F.2d 1383, 1389.
 
 
 7
 An Oklahoma statute, 12 O.S. § 940 A, allows the award of attorneys' fees to the prevailing party in an action for damages on account of the negligent injury to property. Rockwood prevailed against Smith on its claim of bailee negligence. Accordingly, it is entitled to recover attorneys' fees from Smith.
 
 
 8
 Rockwood complains of the attorneys' fees award to Clark and says that it is not liable or, if liable, the recovery should be in part against Smith. Title 12 O.S. § 939 permits the award of attorneys' fees to the prevailing party in an action for breach of an express warranty. Both Rockwood and Smith alleged a breach by Clark of an express warranty and the court ruled in favor of Clark, which as the prevailing party on this phase of the suit was entitled to recover its attorneys' fees. In sustaining Clark's motion to dismiss the Rockwood claim against it, the court said that its action rendered the reciprocal cross-claims of Smith and Clark moot. R. 109. Hence, no party prevailed on the cross-claims and Smith may not be required to pay any attorney fees to Clark.
 
 
 9
 In each appeal the judgment is affirmed.