Robert A. RICHARDSON, et
al., Plaintiffs,

v.

HONDA MOTOR CO., LTD., et
al., Defendants.

No. 87–1698–CIV–T–17(C).

United States District Court,
M.D. Florida,
Tampa Division.

June 7, 1988.

Paul A. Nelson, Tampa, Fla., for plaintiffs.

Larry M. Roth, Rumberger, Kirk, Caldwell, Cabaniss, Burke & Wechster, P.A., Orlando, Fla., for defendants.

## ORDER ON MOTION

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant American Honda Motor Co., Inc.'s motion to determine the applicability of § 45.061, Florida Statutes, filed May 13, 1988, and response thereto filed May 26, 1988.

This is a products liability case arising out of an accident that occurred on or about December 21, 1984, involving a 1985 Honda ATC 250ES, allegedly distributed and/or manufactured by defendants. On March 29, 1988, Plaintiffs served on Defendant American Honda an offer of settlement/demand for judgment, in the amount of six million dollars, pursuant to § 45.061, Florida Statutes.

Section 45.061 became effective July 2, 1987. Section 45.061, states:

(1) At any time more than 60 days after the service of a summons and complaint on a party but not less than 60 days (or 45 days if it is a counterclaim) before trial, any party may serve on an adverse party a written offer, which offer shall not be filed with the court and shall be denominated as an offer under this section, to settle a claim for money, property, or relief specified in the offer and to enter into a stipulation dismissing the claim or to allow judgment to be entered accordingly. The offer shall remain open for 45 days unless withdrawn sooner by a writing served on the offeree prior to acceptance by the offeree. An offer that is neither withdrawn nor accepted within 45 days shall be deemed rejected. The fact than an offer is made but not accepted does not preclude the making of a subsequent offer. Evidence of an offer is not admissible except in proceedings to enforce a settlement or to determine sanctions under this section.

(2) If, upon a motion by the offeror within 30 days after the entry of judgment, the court determines that an offer was rejected unreasonably, resulting in unnecessary delay and needless increase in the cost of litigation, it may impose an appropriate sanction upon the offeree . . .

**304**

An offer shall be presumed to have been unreasonably rejected by a defendant if the judgment entered is at least 25 percent greater than the offer rejected, and offer shall be presumed to have been unreasonably rejected by a plaintiff if the judgment entered is at least 25 percent less that the offer rejected ...

(3) In determining the amount of any sanction to be imposed under this section, the court shall award:

    (a) the amount of the parties' costs and expenses, including reasonable attorneys' fees, investigative expenses, expert witness fees, and other expenses which relate to the preparation for trial, incurred after the making of the offer of settlement ...

Defendant American Honda asserts that § 45.061 is either substantive and prospective or procedural and therefore not applicable to this cause being litigated in Federal District Court. Plaintiffs assert that that statute provision is remedial and should be applied retroactively.

 A substantive law creates, defines, and regulates rights as opposed to procedural or remedial law which prescribes a method of enforcing the rights or obtaining redress for their invasion. *Black's Law Dictionary*, 4th Ed. (1951). In Florida, each side is obligated to pay its own attorney's fees unless a right to assess those fees is awarded by a statute or agreement between the parties. *Young v. Altenhaus*, 472 So.2d 1152, 1154 (Fla.1985). Given that rule of law, the Supreme Court of Florida has found that a "... statutory requirement for the non-prevailing party to pay attorney fees constitutes 'a new obligation or duty,' and is therefore substantive in nature." *Young*, at 1154. See also, *L. Ross, Inc. v. R.W. Roberts Construction Co., Inc.*, 481 So.2d 484 (Fla.1986); *Whitten v. Progressive Casualty Insurance Co.*, 410 So.2d 501 (Fla.1982); *Love v. Jacobson*, 390 So.2d 782 (Fla. 3rd D.C.A. 1980); and *Parrish v. Mullis*, 458 So.2d 401 (Fla. 1st D.C.A. 1984).

 The statute in question allows the court to assess attorneys' fees against a party unreasonably rejecting an offer of settlement; a right to attorneys' fees under these circumstances did not previously exist in Florida. The Court cannot agree with Plaintiffs that § 45.061, Florida Statutes is a remedial statute, but is satisfied that the section is substantive in nature.

It is well-established in Florida that a substantive statute is presumed to be prospective unless the legislature has expressed in clear and explicit language an intent for the statute to have retroactive effect. 49 *Fla.Jur.2d*, Statutes s. 107. Section 45.061 contains no clear or explicit language manifesting an intent for the section to apply retroactively. Therefore, the Court finds the effect of § 45.061, Florida Statutes to be prospective. The instant cause of action accrued prior to the passage of the statute and consequently § 45.061 is inapplicable to this cause of action. Accordingly, it is

ORDERED that the motion to determine the applicability of Section 45.061, Florida Statutes, is granted, in that this Court finds that § 45.061 is not applicable to this cause of action.