547 So.2d 203 (1989)
Kenneth V. HEMMERLE, Appellant,
v.
BRAMALEA, INC., F/K/a Bramalea Development U.S., Ltd., a Delaware Corp., Appellee.
No. 88-1844.
District Court of Appeal of Florida, Fourth District.
June 28, 1989.
Rehearing Denied August 31, 1989.
*204 Kenneth V. Hemmerle, Fort Lauderdale, pro se appellant.
Joel S. Perwin of Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, P.A., Miami, for appellee.
HERSEY, Chief Judge.
This appeal concerns the appropriateness of costs and attorney's fees assessed against appellant for unreasonable rejection of an offer of settlement pursuant to section 45.061, Florida Statutes (1987).
Appellant first suggests that the statute is substantive in nature and thus may not be applied retroactively. He argues that because the cause of action arose and the litigation commenced before the effective date of the statute, it does not apply at all in this case. We agree with the holding of the United States District Court in Richardson v. Honda Motor Co., 686 F. Supp. 303 (M.D.Fla. 1988), that the statute is substantive and that it may not be given retrospective application. The question, however, is: What event triggers the remedy provided by the statute? We do not agree with the Richardson court that the triggering event is accrual of the cause of action. Neither do we think that it is the commencement of the litigation. Rather, the operative event, the only event crucial to operation of the statute, is the making of an offer of settlement. Only upon the making of an offer of settlement are the respective rights and duties of the parties aligned according to the requirements of the statute, and at that time both parties are free to respond or not to the policies embodied in the statutory scheme without reference to any earlier events. Since the offer of settlement in this case was made after the effective date of section 45.061, we find no impediment to application of the statute.
Appellant's second argument is that appellee proceeded under the wrong statute. We find no merit in this position. Initially the wrong statute was cited, but this was corrected in due course and appellant was not at all prejudiced by the original mistake.
Finally, appellant objects to the amounts taxed against him for costs and attorney's fees. Our review of the record demonstrates error in this regard and requires that we remand for a hearing. We note that only costs and fees incurred or earned "after the making of the offer of settlement" may be imposed as sanctions under the statute. Conversely, those incurred or earned after final judgment has been rendered also may not be considered *205 for purposes of the sanction. It appears that error occurred both as to costs and, although the record is somewhat unclear, on the measurement of attorney's fees as well.
AFFIRMED in part, and REVERSED in part.
GLICKSTEIN and DELL, JJ., concur.