568 So.2d 929 (1990)
Virginia KLINE, Appellant,
v.
PUBLIX SUPERMARKETS, INC., Appellee.
PUBLIX SUPERMARKETS, INC., Appellant,
v.
Virginia KLINE, Appellee.
Nos. 89-00345, 89-01182.
District Court of Appeal of Florida, Second District.
May 9, 1990.
Rehearing Denied July 2, 1990.
Dennis J. Plews, Bradenton, for appellant Virginia Kline.
Thomas F. Capshew of Syprett, Meshad, Resnick & Lieb, P.A., Sarasota, for appellee Publix Supermarkets, Inc.
RYDER, Acting Chief Judge.
In this consolidated appeal, plaintiff Virginia Kline challenges a final summary judgment in favor of defendant Publix in a case in which she alleged intentional infliction of emotional distress and discrimination. Although the trial court awarded costs to Publix pursuant to section 768.79, *930 Florida Statutes (1987), Publix appeals the trial court's denial of attorney's fees under that same section. In Kline's appeal, we affirm the final summary judgment in favor of Publix. In Publix's appeal, we affirm that portion of the order which denied Publix attorney's fees and reverse the award of costs to Publix.
Section 768.79(1)(a), Florida Statutes (1987), provides, in part:
[I]f a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred from the date of filing of the offer if the judgment obtained by the plaintiff is at least 25 percent less than such offer... .
(Emphasis added.)
In this case, defendant Publix obtained the judgment, therefore, it is not entitled to either costs or attorney's fees under section 768.79(1)(a). The plain language of the statute requires that there be a judgment rendered in favor of the plaintiff as a prerequisite to awarding costs and attorney's fees to a defendant who has made an offer a judgment pursuant to section 768.79(1)(a). See also Rabatie v. U.S. Security Insurance Co., Nos. 88-2229 and 88-2503 (Fla. 3d DCA July 25, 1989) [14 F.L.W. 1753] (section 768.79(1)(a) does not provide for attorney's fees where defendant prevails in underlying action); Makar v. Investors Real Estate Management, Inc., 553 So.2d 298 (Fla. 1st DCA 1989) (in order for a defendant to recover costs and attorney's fees under section 768.79(1)(a), there must be a judgment for the plaintiff).
Additionally, Florida Rule of Civil Procedure 1.442 does not apply to this case. See B & H Construction & Supply Co., Inc. v. District Board of Trustees of Tallahassee Community College, 542 So.2d 382, 388 (Fla. 1st DCA), review denied, 549 So.2d 1013 (Fla. 1989) (offer of judgment rule does not apply where judgment is entered against plaintiff-offeree and in favor of defendant-offeror). B & H Construction cited Delta Air Lines, Inc. v. August, 450 U.S. 346, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981), in which the court interpreted language contained within Federal Rule of Civil Procedure 68: "[I]f the judgment finally obtained by the offeree is not more favorable than the offer the offeree must pay the costs... ." The court reasoned that the plain language of the rule confines its effect to a case in which the plaintiff has obtained a judgment for an amount less favorable than the defendant's settlement offer, and that the rule clearly contemplates that a judgment taken against a defendant is one favorable to the plaintiff, and is, therefore, "obtained" by the plaintiff. The court concluded that the rule clearly is inapplicable where the defendant obtains the judgment. In B & H Construction, the first district also relied upon this reasoning and held that because the trial court rendered a net judgment in offeror B & H's favor, Florida Rule of Civil Procedure 1.442 was inapplicable. B & H Construction, 542 So.2d at 388. We recognize that rule 1.442 has been replaced with a totally rewritten and newly adopted rule, effective January 1, 1990. The Florida Bar, Re: Amendment To Rules of Civil Procedure, Rule 1.442 (Offer of Judgment), 550 So.2d 442, 443 (Fla. 1989). Nevertheless, the language contained in the newly adopted Florida Rule of Civil Procedure 1.442(h)(1)(B)(i) still requires the offeree to obtain a damage award against the offeror before a trial court can impose sanctions upon an offeree for the failure to accept an "offer to pay." Id. at 444.
Accordingly, we reverse the order awarding costs to defendant Publix pursuant to section 768.79(1)(a).
Case No. 89-00345 is affirmed. Case No. 89-01182 is affirmed in part and reversed in part.
HALL and THREADGILL, JJ., concur.