562 So.2d 804 (1990)
James Dean MILTON, etc., Appellant,
v.
Denise G. LEAPAI, et al., Appellees.
No. 89-415.
District Court of Appeal of Florida, Fifth District.
May 31, 1990.
*805 Robert W. LeBlanc of James O. Driscoll, P.A., Orlando, for appellant.
Eric W. Ludwig and Michael J. Appleton, Orlando, for appellee, Denise G. Leapai.
DANIEL, Chief Judge.
James Milton, individually and on behalf of State Farm Mutual Automobile Insurance Company, appeals a final judgment finding no liability on the part of Denise Leapai for an automobile accident and awarding her attorney's fees pursuant to section 45.061, Florida Statutes (1987). In the final judgment, the county court[1] certified the following questions as being of great public importance:
WHETHER THE LEGISLATURE'S ENACTMENT OF F.S. SECTION 45.061 CONSTITUTED THE ADOPTION OF A RULE OF PROCEDURE IN VIOLATION OF ARTICLE V, SECTION 2(a) OF THE FLORIDA CONSTITUTION.
WHETHER ATTORNEY'S FEES MAY BE IMPOSED AS SANCTIONS UNDER F.S. SECTION 45.061 WHERE THE OFFER OF SETTLEMENT WAS MADE SUBSEQUENT TO THE ENACTMENT OF THE STATUTE BUT WHERE PLAINTIFF'S CAUSE OF ACTION ACCRUED PRIOR TO THE ENACTMENT OF THE STATUTE.
We conclude that section 45.061, in its procedural aspects, infringes on the exclusive rule-making authority of the Florida Supreme Court. Accordingly, we hold that section 45.061 is unconstitutional[2] and vacate the award of attorney's fees. We find no error in the summary judgment in favor of Leapai and affirm that portion of the final judgment.
On February 4, 1986, James Milton was involved in an automobile collision with a vehicle allegedly owned by Denise Leapai and driven by Mabel Ekeroma. State Farm, Milton's insurance company, paid Milton $2,859.05 for property damage to his vehicle. On September 6, 1988, Milton, individually and for the use and benefit of State Farm, filed suit against Leapai and Ekeroma.
On November 8, 1988, Leapai made an offer of judgment in the amount of $1.00 pursuant to section 768.79, Florida Statutes.[3] Leapai also moved for summary judgment on the basis that in December of 1985, prior to the accident, she sold the vehicle to Steven Ekeroma. Attached to her motion was a copy of the certificate of title showing a transfer to Ekeroma.
The trial court found that Leapai had transferred her interest in the vehicle in December of 1985 and therefore had no liability for the accident. Accordingly, the trial court granted her motion for summary judgment.
*806 Leapai then moved to tax costs and attorney's fees in her favor pursuant to sections 768.79 and 45.061 and Florida Rule of Civil Procedure 1.442, based on the fact that she was the prevailing party and that Milton had not accepted her offer of judgment. The trial court held that section 768.79, which had been enacted after the accident here, did not apply. However, the court concluded that section 45.061 did apply and awarded Leapai costs and attorney's fees.
Section 45.061, Florida Statutes (1987) provides as follows:
45.061 Offers of settlement. 
(1) At any time more than 60 days after the service of a summons and complaint on a party but not less than 60 days (or 45 days if it is a counteroffer) before trial, any party may serve upon an adverse party a written offer, which offer shall not be filed with the court and shall be denominated as an offer under this section, to settle a claim for the money, property, or relief specified in the offer and to enter into a stipulation dismissing the claim or to allow judgment to be entered accordingly. The offer shall remain open for 45 days unless withdrawn sooner by a writing served on the offeree prior to acceptance by the offeree. An offer that is neither withdrawn nor accepted within 45 days shall be deemed rejected. The fact that an offer is made but not accepted does not preclude the making of a subsequent offer. Evidence of an offer is not admissible except in proceedings to enforce a settlement or to determine sanctions under this section.
(2) If, upon a motion by the offeror within 30 days after the entry of judgment, the court determines that an offer was rejected unreasonably, resulting in unnecessary delay and needless increase in the cost of litigation, it may impose an appropriate sanction upon the offeree. In making this determination the court shall consider all of the relevant circumstances at the time of the rejection, including:
(a) Whether, upon specific request by the offeree, the offeror had unreasonably refused to furnish information which was necessary to evaluate the reasonableness of the offer.
(b) Whether the suit was in the nature of a "test-case," presenting questions of far-reaching importance affecting non-parties.
An offer shall be presumed to have been unreasonably rejected by a defendant if the judgment entered is at least 25 percent greater than the offer rejected, and an offer shall be presumed to have been unreasonably rejected by a plaintiff if the judgment entered is at least 25 percent less than the offer rejected. For the purposes of this section, the amount of the judgment shall be the total amount of money damages awarded plus the amount of costs and expenses reasonably incurred by the plaintiff or counter-plaintiff prior to the making of the offer for which recovery is provided by operation of other provisions of Florida law.
(3) In determining the amount of any sanction to be imposed under this section, the court shall award:
(a) The amount of the parties' costs and expenses, including reasonable attorneys' fees, investigative expenses, expert witness fees, and other expenses which relate to the preparation for trial, incurred after the making of the offer of settlement; and
(b) The statutory rate of interest that could have been earned at the prevailing statutory rate on the amount that a claimant offered to accept to the extent that the interest is not otherwise included in the judgment.
The amount of any sanction imposed under this section against a plaintiff shall be set off against any award to the plaintiff, and if such sanction is in an amount in excess of the award to the plaintiff, judgment shall be entered in favor of the defendant and against the plaintiff in the amount of the excess.
(4) This section shall not apply to any class action or shareholder derivative suit or to matters relating to dissolution of marriage, alimony, nonsupport, eminent domain, or child custody.

*807 (5) Sanctions authorized under this section may be imposed notwithstanding any limitation on recovery of costs or expenses which may be provided by contract or in other provisions of Florida law. This section shall not be construed to waive the limits of sovereign immunity set forth in s. 768.28.
On appeal, Milton argues that section 45.061 is in effect a rule of procedure and hence, the legislature has unconstitutionally infringed on the Florida Supreme Court's exclusive rule-making authority. A substantive law creates, defines, and regulates rights whereas a procedural law prescribes a method of enforcing the rights or obtaining redress for their invasion. Richardson v. Honda Motor Company, Ltd., 686 F. Supp. 303 (M.D.Fla. 1988). Procedural law is the machinery for carrying on the suit, including pleading, process, evidence and practice. Heberle v. P.R.O. Liquidating Company, 186 So.2d 280 (Fla. 1st DCA 1966).
Article V, section 2(a) of the Florida Constitution provides that the Florida Supreme Court shall adopt rules for the practice and procedure in all courts. Powers constitutionally bestowed upon the courts may not be exercised by the legislature. Art. II, § 3, Fla. Const. Thus, a statute which purports to create or modify a procedural rule of court or practice is constitutionally infirm. Markert v. Johnston, 367 So.2d 1003 (Fla. 1978); Military Park Fire Control Tax District No. 4 v. DeMarois, 407 So.2d 1020 (Fla. 4th DCA 1981).
In The Florida Bar Re: Amendment to Rules of Civil Procedure, Rule 1.442 (Offer of Judgment), 550 So.2d 442 (Fla. 1989), the Florida Supreme Court reviewed a proposal submitted by the Civil Rules Procedure Committee to adopt a new procedure by which parties could be sanctioned for the failure to accept bonafide pretrial offers of settlement. The Florida Supreme Court had requested the committee to examine any possible conflict between sections 768.79 and 45.061, Florida Statutes (1987) and Florida Rule of Civil Procedure 1.442, governing offers of judgment. The court declined to address the constitutionality of the "purely substantive aspects" of section 768.79 and 45.061. However, the court agreed with the committee that sections 768.79 and 45.061 infringe upon the court's duties in their procedural details. For example, the court pointed out that the time limits for acceptance of an offer in the two statutes are inconsistent; section 768.79 allows only 30 days while section 45.061 permits 45 days. Pursuant to its constitutional duty to adopt uniform rules of procedure governing the courts of the state, the Florida Supreme Court amended rule 1.442, effective January 1, 1990. The court held that to the extent the procedural aspects of the new rule 1.442 are inconsistent with sections 768.79 and 45.061, the rule supersedes the statutes.
Thus, the Florida Supreme Court clearly determined that section 45.061 embodies both substantive and procedural aspects. The court, however, declined to rule on the constitutionality of the "purely substantive aspects" of section 45.061. It is a fundamental principle that a statute, if constitutional in one part and unconstitutional in another part, may remain valid except for the unconstitutional portion. However, this is dependent upon the unconstitutional provision being severable from the remainder of the statute. The severability of the statutory provision is determined by its relation to the overall legislative intent of the statute of which it is part and whether the statute, less the invalid provisions, can still accomplish this intent. Additionally, if the valid portion of the law would be rendered incomplete, or if severance would cause results unanticipated by the legislature, there can be no severance of the invalid parts; the entire law must be declared unconstitutional. Delta Airlines, Inc. v. Department of Revenue, 455 So.2d 317 (Fla. 1984), appeal dismissed, 474 U.S. 892, 106 S.Ct. 213, 88 L.Ed.2d 214 (1985); High Ridge Management Corporation v. State, 354 So.2d 377 (Fla. 1977). We conclude that the procedural aspects of section 45.061 encroach upon the authority of the supreme court to promulgate rules of practice and procedure and these procedural details cannot be "severed" from the substantive *808 aspects of section 45.061. Therefore, we declare the entire law to be unconstitutional.[4]
Milton also contends that the trial court erred in entering summary judgment in favor of Leapai on the question of ownership of the vehicle involved in the collision. Section 319.22(2), Florida Statutes (1987), provides that an owner who has made a bonafide sale or transfer of a motor vehicle and who has delivered possession of it to a purchaser shall not, by reason of any of the provisions of Chapter 319, be deemed the owner of such vehicle so as to be subject to civil liability for the operation of the vehicle when the owner has made a proper endorsement and delivery of the certificate of title or has delivered to the Department of Motor Vehicles the certificate of title properly endorsed.
In support of her motion for summary judgment, Leapai submitted her affidavit as to the transfer and sale of the automobile to Steven Ekeroma on December 6, 1985, a copy of the endorsed and notarized Florida Motor Vehicle Certificate of Title transferring title to Ekeroma, the affidavit of the notary who notarized the certificate of title, and another affidavit in which Leapai stated that she had delivered physical custody of the automobile to Ekeroma, endorsed the certificate of title over to Ekeroma and delivered possession of the certificate of title to Ekeroma in December 1985, prior to the accident. Milton's counterevidence merely showed that the certificate of title had not been delivered to the Department of Motor Vehicles. This evidence, however, did not raise a genuine issue of material fact concerning Leapai's endorsement and delivery of the certificate of title to Ekeroma, which, under section 319.22(2), would relieve her of liability.
In conclusion, we hold that the trial court was correct in entering summary judgment in favor of Leapai. We also hold that section 45.061 is unconstitutional because its procedural aspects infringe on the exclusive rule-making authority of the Florida Supreme Court. Accordingly, we vacate the award of attorney's fees imposed pursuant to section 45.061.
AFFIRMED in part; VACATED in part.
COBB and GOSHORN, JJ., concur.
NOTES
[1] We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(b)(4).
[2] Because of our holding that section 45.061 is unconstitutional, we decline to address the second question certified by the county court.
[3] Section 768.79 governs offers of judgment in negligence actions.
[4] We recognize that the second district has held that section 45.061 creates substantive rights and therefore does not infringe on the supreme court's rule-making authority. A.G. Edwards & Sons, Inc. v. Davis, 559 So.2d 235 (Fla. 2d DCA 1990). This decision, however, is contrary to the Florida Supreme Court's determination that section 45.061 does in fact contain procedural details which infringe on the court's exclusive authority to adopt rules for the practice and procedure in courts.