562 So.2d 427 (1990)
Edwin N. GUNN, Appellant/Cross-Appellee,
v.
Enso DePAOLI, Appellee/Cross-Appellant.
No. 89-01470.
District Court of Appeal of Florida, Second District.
June 15, 1990.
Randall O. Reder, Tampa, for appellant/cross appellee.
John M. Strickland of Livingston, Patterson & Strickland, P.A., Sarasota, for appellee/cross appellant.
SCHOONOVER, Judge.
The appellant, Edwin N. Gunn, challenges the attorney's fees and costs awarded to the appellee, Enso DePaoli, pursuant to section 768.79, Florida Statutes (1987). The appellee has filed a cross-appeal challenging the manner in which the attorney's fees were calculated.
The appellant filed an action against the appellee seeking damages for malicious prosecution and defamation. Prior to trial, the appellee, pursuant to section 768.79 filed an offer of judgment in the amount of $1 plus taxable costs. The appellant did not respond to the offer. After the jury returned a defense verdict, the appellee moved for attorney's fees and costs pursuant to the above-mentioned statute. At the conclusion of the hearing on the appellee's motion, the court granted the motion and entered an order awarding the appellee the sum of $4200 attorney's fees and costs in the amount of $667. The appellant filed a timely notice of appeal and the appellee filed a cross-appeal contesting the amount of the attorney's fees award.
Although the appellee was entitled to an award of costs as the prevailing party under section 57.041, Florida Statutes (1987), he was not entitled to receive costs or attorney's fees under the provisions of section 768.79. This court recently held in Kline v. Publix Supermarkets, Inc., Nos. 89-00345, 89-01182, ___ So.2d ___ (Fla. 2d DCA May 9, 1990), that a defendant is not entitled to an award of attorney's fees and costs pursuant to an offer of judgment, unless there is a judgment rendered in favor of the plaintiff. See also Oriental Imports, Inc. v. Alilin, 559 So.2d 442 (Fla. 5th DCA 1990); Makar v. Investors Real Estate Management, Inc., 553 So.2d 298 *428 (Fla. 1st DCA 1989). Since the appellant, plaintiff at the trial level, did not receive a favorable verdict, the court erred in awarding attorney's fees and costs to the appellee pursuant to section 768.79. We, accordingly, reverse and remand for the purpose of the entry of an order denying the appellee's motion for attorney's fees and for the entry of a proper order assessing costs pursuant to section 57.041.
Because of our decision on the appeal, the appellee's cross-appeal has become moot.
Reversed and remanded with instructions.
CAMPBELL, C.J., and PATTERSON, J., concur.