918 F.2d 1524
 20 Fed.R.Serv.3d 1341
 TANKER MANAGEMENT, INC., Plaintiff-Appellant,
v.
Bruce C. BRUNSON, M.D., Defendant-Appellee.
TANKER MANAGEMENT, INC., The London Steam-Ship Owner's
Mutual Insurance Association Limited, Plaintiffs-Appellants,
v.
Bruce C. BRUNSON, M.D., Defendant-Appellee.
 Nos. 89-3778, 89-3869 and 90-3132.
 United States Court of Appeals,
Eleventh Circuit.
 Dec. 14, 1990.
 
 Dewey R. Villareal, Jr., Douglas R. Wight, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, Fla., for plaintiffs-appellants.
 Richard W. Bates, Clay H. Coward, Stacy D. Cowley, Mateer, Harbert & Bates, P.A., Orlando, Fla., for defendant-appellee.
 Appeals from the United States District Court for the Middle District of Florida.
 Before HATCHETT and CLARK, Circuit Judges, and MORGAN, Senior Circuit Judge.
 CLARK, Circuit Judge:
 
 FACTS
 
 1
 On September 18, 1983, Darrel Allen, a merchant seaman, suffered a back injury while employed aboard the M/V CAROLE G. INGRAM, a vessel operated by appellant Tanker Management, Inc. Appellee Dr. Bruce Brunson treated and performed surgery on Allen for this injury. Tanker Management paid Dr. Brunson for Allen's treatment and surgery. On February 21, 1984, Dr. Brunson signed a certificate which stated that Allen would be fit to return to work on March 12, 1984 provided he was not required to lift anything exceeding fifty pounds. Allen did not return to work until March of the following year. On December 27, 1984, Dr. Brunson signed a second certificate which stated that Allen could return to full duty, subject to no weight restriction on January 7, 1985. On August 21, 1985, Allen suffered another back injury while working as a merchant seaman aboard the M/V CAROLE G. INGRAM.
 
 
 2
 Allen subsequently sued Tanker Management for the injuries he received on September 18, 1983 and August 21, 1985. Tanker Management settled the lawsuit on August 21, 1987 for $150,000. On January 11, 1988, counsel for Tanker Management wrote to Dr. Brunson and demanded indemnity for the amounts paid in defending and settling their lawsuit with Allen. On February 17, 1988, Brunson responded denying liability and refusing to pay any settlement of Tanker Management's claim. Tanker Management filed this lawsuit on March 3, 1988, alleging breach of implied contract, negligence and fraud and demanded indemnification from Brunson.
 
 
 3
 The gravamen of Tanker Management's claim is that Brunson did not accurately state his opinion of Allen's condition on December 27, 1984. Brunson's failure to accurately state his opinion amounted to (1) a breach of the implied contract between Tanker Management and Brunson which was formed because Tanker Management paid Allen's medical expenses; (2) negligence since Brunson allegedly owed a duty of care to Tanker Management because it was foreseeable that it would rely on his diagnosis in deciding whether to allow Allen to return to work; and (3) fraud since Brunson intentionally misrepresented Allen's condition at Allen's behest. At the close of appellant's case, appellee moved for a directed verdict which the district court granted. The court concluded that the plaintiff had presented no evidence that would allow the jury to infer that Brunson had breached any duty of care which he owed to Tanker Management. Appellant also failed to present evidence or authority to support its breach of implied contract and fraud claims. The court also noted that both of Allen's injuries were caused by lifting equipment which was too heavy for one person to lift. On both occasions, Allen's supervisor, an employee of Tanker Management, directed him to move the heavy equipment. The court concluded that Allen's injuries were caused by Tanker Management's negligence. The court entered judgment on July 17, 1989.
 
 
 4
 Prior to the date of trial, Brunson made an offer of settlement pursuant to F.S.A. Sec. 45.061, an offer of judgment pursuant to F.S.A. Sec. 768.79 and an offer of judgment pursuant to Fed.R.Civ.P. 68. Tanker Management rejected all of these. On August 16, 1989, Brunson filed an application for costs pursuant to Rule 54(d) and for attorney's fees pursuant to the above mentioned Federal Rule and Florida Statutes. On September 12, 1989, the district court granted Brunson's application. On July 27, 1989, Brunson filed a motion pursuant to Rule 59(e) to correct the judgment to include Tanker Management's insurer, London Steam-Ship Owner's Mutual Insurance Association (London Steam-Ship). On August 10, 1989, the district court granted the motion.
 
 
 5
 In this consolidated appeal, appellants raise several arguments. Tanker Management claims the district court erred by striking a portion of Brunson's deposition testimony that had been read into evidence which allegedly was inconsistent with his trial testimony. Tanker Management maintains that the inconsistency was relevant to its claim that Brunson did not accurately state his opinion as to Allen's condition. Tanker Management also claims that the district court erred by granting a directed verdict and by awarding Brunson costs and attorney's fees. London Steam-Ship asserts that the district court erred by adding its name to the judgment.
 
 DISCUSSION
 
 6
 A. Inconsistent Deposition Testimony.
 
 
 7
 A trial judge has considerable discretion to determine whether a prior statement is inconsistent with a witness' trial testimony. We will not disturb such a ruling on appeal absent an abuse of that discretion. United States v. Leach, 613 F.2d 1295, 1305 (5th Cir.1980). In his deposition prior to trial, Brunson stated: "I felt that Mr. Allen could return to work as of January 7 and on this occasion released him without restrictions, again, at his urging that he ... not return to work ... with any type of restriction." Brunson had just completed a thorough physical examination of Allen which revealed no reason not to allow him to return to work without a restriction. At trial Brunson stated: "In December of 1984 I thought he could return to work without restrictions." The trial judge commented that the statements were not inconsistent and subsequently granted Brunson's motion to strike the deposition testimony. Brunson's deposition indicates nothing more than the fact that he was aware Allen could not return to his former job unless he was certified fit to work with no weight restrictions. We find no abuse of discretion.
 
 
 8
 B. Directed Verdict.
 
 
 9
 In Dancey Co. v. Borg-Warner Corp., 799 F.2d 717, 719 (11th Cir.1986), we stated that "[a] motion for directed verdict should be granted only when, viewing the evidence as a whole and all reasonable inferences in a light most favorable to the nonmovant, reasonable jurors could not reach a contrary verdict." Appellant failed to present any evidence which supports the inference that Brunson failed to accurately state his opinion as to Allen's condition. Such a showing was essential to each of Tanker Management's theories of recovery. The district court did not err in granting Brunson's motion for directed verdict.
 
 
 10
 C. Costs and Attorney's Fees.
 
 
 11
 A defendant may recover costs as the prevailing party pursuant to Rule 54(d) and this court will not disturb the award unless appellant can show a clear abuse of discretion. Studiengesellschaft Kohle v. Eastman Kodak, 713 F.2d 128, 131 (5th Cir.1983); In re Nissan Antitrust Litigation, 577 F.2d 910, 917-18 (5th Cir.1978), cert. denied, 439 U.S. 1072, 99 S.Ct. 843, 59 L.Ed.2d 38 (1979). As we noted above, Tanker Management failed to produce any evidence to support its claim; under these circumstances, the district court properly awarded Brunson, the prevailing party, costs pursuant to Rule 54(d).
 
 
 12
 This leaves us to resolve the attorney's fee issue. Following Tanker Management's rejection of appellee Brunson's offers of settlement and judgment, Brunson filed an application for attorney's fees as a defendant pursuant to Fed.R.Civ.P. 68 and F.S.A. Secs. 45.061 and 768.79. However, attorney's fees are not recoverable as part of costs under Rule 68 unless the underlying statute that creates the cause of action expressly provides that attorney's fees are recoverable as costs. Marek v. Chesney, 473 U.S. 1, 9, 105 S.Ct. 3012, 3016, 87 L.Ed.2d 1 (1985) ("where the underlying statute defines costs to include attorney's fees, ... such fees are to be included as costs for purposes of Rule 68"); Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 255, 260-61, 95 S.Ct. 1612, 1620-21, 1623-24, 44 L.Ed.2d 141 (1975). In a diversity action, the court looks to the substantive law which creates the cause of action, in this case Florida law, to determine if costs include attorney's fees. Alyeska, 421 U.S. at 259 n. 31, 95 S.Ct. at 1622 n. 31, 44 L.Ed.2d at 154 n. 31; Parkes v. Hall, 906 F.2d 658 (11th Cir.1990) (under traditional "American Rule," costs under Rule 68 are those enumerated in statutory provision providing for costs in particular case unless applicable substantive law expands the general statutory definition of costs). Brunson points to no substantive state law to support his assertion that as the prevailing party under the causes of action alleged in this complaint he is entitled to attorney's fees. We therefore consider F.S.A. Secs. 768.79 and 45.061 as alternative fee provisions on which to base an award of attorney's fees.
 
 
 13
 F.S.A. Sec. 768.79 does not permit the court to award a prevailing defendant attorney's fees. As a Florida appellate court reasoned in reaching the same conclusion, F.S.A. Sec. 768.79
 
 
 14
 does not provide for an attorney's fee award in the event the defendant, as here, prevails in the underlying action. The subject statute authorizes an attorney's fee award for the defendant only in the event "the judgment obtained by the plaintiff is at least 25 percent less than [an] offer [of judgment]" made by the defendant pretrial, and refused by the plaintiff, Sec. 768.79(1)(a), Fla.Stat. (1987); clearly, then there must be a judgment for the plaintiff of a particular type, as defined in the statute, in order to award attorney's fees to the defendant. In the instant case, however, there was no "judgment obtained by the plaintiff" of any type; to the contrary, the judgment below was entered in favor of the defendant. This being so, the prevailing defendant herein was not entitled to an attorney's fees award under the statute.
 
 
 15
 Rabatie v. U.S. Security Insurance Co., --- So.2d ----, 14 F.L.W. 1753 (Fla. 3 Dist.Ct.App.1989). See also Delta Air Lines, Inc. v. August, 450 U.S. 346, 352-55, 101 S.Ct. 1146, 1150-51, 67 L.Ed.2d 287 (1981) (Rule 68 which applies only to offers made by the defendant and only to judgments obtained by the plaintiff was inapplicable when defendant was party who obtained judgment). Thus, if Brunson is to recover attorney's fees, it is by way of F.S.A. Sec. 45.061.[1]
 
 
 16
 Florida Statute Sec. 45.061 provides that a prevailing defendant may recover attorney's fees if the plaintiff unreasonably rejected either a settlement offer or an offer of judgment. Defendant's offer to settle complied with all Florida law prerequisites. The district court was correct in awarding defendant Brunson attorney fees.
 
 
 17
 Appellant's basic contention is that because matters pertaining to settlement and the penalties for failure to settle are procedural and not substantive, Rule 68 preempts section 45.061 under Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).
 
 
 18
 Appellant's argument in favor of Rule 68 fails initially because Rule 68 is not in "direct collision" with the portion of F.S.A. Sec. 45.061 applicable in this case. Rule 68 concerns only interest and offers of judgment, while the Florida statute concerns attorney's fees, offers of judgment and settlement offers. Thus, the circumstances here are similar to those in Walker v. Armco Steel Corp., 446 U.S. 740, 100 S.Ct. 1978, 1979, 64 L.Ed.2d 659 (1980), in which the Court in a diversity action was asked to determine whether the federal court should follow state law or, alternatively, Fed.R.Civ.P. 3 in deciding when an action is commenced for the purpose of tolling the state statute of limitations. In the course of holding that Oklahoma law controlled, the Court stated: " '[T]he scope of the Federal Rule [is] not as broad as the losing party urge[s], and therefore, there being no Federal Rule which cover[s] the point in dispute, Erie command[s] the enforcement of state law.' " 446 U.S. 740, 750, 100 S.Ct. 1978, 1985, 64 L.Ed.2d 659 (1980) (citing Hanna v. Plumer, 380 U.S. 460, 472, 85 S.Ct. 1136, 1143-45, 14 L.Ed.2d 8 (1965)).
 
 
 19
 Similarly, in a leading case fixing the parameters of allowing attorney's fees in federal court actions, Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), the Supreme Court distinguished application by the federal courts of federal law, by means of which the courts have recognized--as an exception to the American Rule against attorney's fee shifting--the "inherent power in the courts to allow attorney's fees in particular situations, unless forbidden by Congress":
 
 
 20
 A very different situation is presented when a federal court sits in a diversity case. "[I]n an ordinary diversity case where the state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed." 6 J. Moore, Federal Practice p 54.77, pp. 1712-1713 (2d ed. 1974) (footnotes omitted). See also 2 S. Speiser, Attorneys' Fees Secs. 14:3, 14:4 (1973) (hereinafter Speiser); Annotation, Prevailing Party's Right to Recover Counsel Fees in Federal Courts, 8 L.Ed.2d 894, 900-901.
 
 
 21
 Id. at 259 n. 31, 95 S.Ct. at 1622 n. 31, 44 L.Ed.2d at 154 n. 31.[2] Because Rule 68 applies only to offers of judgment and is in no way applicable to settlement offers as provided in section 45.061, Rule 68 does not preempt state law.[3]
 
 
 22
 We have no trouble affirming the district court. This is a diversity action. Dr. Brunson was sued by a non-resident and is entitled to invoke the protection available to him if the case had been brought in state court. The district court award of attorney's fees pursuant to section 45.061, therefore, is upheld on appeal.
 
 
 23
 D. Correction of the Judgment.
 
 
 24
 It is clear that under Florida law, a judgment against the insured bars a subsequent suit by an insurer on the same claim even if the insurer was not joined as a party to the suit. Gould v. Weibel, 62 So.2d 47, 49 (Fla.1952). Appellee correctly notes that in both Florida and Federal court insurers generally will not be joined as indispensable parties pursuant to Rule 19 and the comparable Florida Rule because of possible prejudice to the insured. Id. See also Celanese Corp. of America v. John Clark Indus., 214 F.2d 551, 556 (5th Cir.1954). Tanker Management's insurer has been intimately involved in litigating this lawsuit. Since Florida law bars London Steam-Ship from bringing a suit against Brunson on this claim, we fail to see how appellant has been prejudiced by being named in the judgment. The district court simply formalized what is otherwise true under Florida law by amending the judgment to reflect the fact that it binds Tanker Management's insurer, London Steam-Ship. Cf. Dudley v. Smith, 504 F.2d 979, 983 (5th Cir.1974) (endorsing in dicta the approach which the district court followed in this case).
 
 CONCLUSION
 
 25
 Appellants Tanker Management and London Steam-Ship have failed to show that the district court committed any error requiring reversal. For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 In Milton v. Leapai, 562 So.2d 804 (Fla. 5th D.C.A. 1990), the Florida Fifth District Court of Appeal held that F.S.A. Sec. 45.061 is unconstitutional. There, the court reasoned that although only the procedural provisions of the statute were constitutionally infirm, as infringing upon the exclusive rulemaking authority of the Florida Supreme Court, the whole statute must fall. The unconstitutional procedure could not be severed from the substantive aspects governing the award of attorney's fees. In concluding that Brunson can recover attorney's fees pursuant to section 45.061, we decline to apply Milton retroactively. See Chevron Oil Co. v. Huson, 404 U.S. 97, 106-07, 92 S.Ct. 349, 355-56, 30 L.Ed.2d 296 (1971) (factors to consider in applying decision nonretroactively)
 
 
 [2]
 One case relied upon by appellant, Tiedel v. Northwestern Michigan College, 865 F.2d 88 (6th Cir.1988), refers favorably to note thirty-one in Alyeska and to other circuit court cases that permit federal courts to award attorney's fees when authorized. See Acwoo International Steel Corp. v. Toko Kaiun Kaish, Ltd., 840 F.2d 1284, 1291 (6th Cir.1988); Rockwood Insurance Co. v. Clark Equipment Co., 713 F.2d 577, 579 (10th Cir.1983); Wagstaff v. Manufacturers Bank, 588 F.Supp. 1389, 1390 (E.D.Mich.1984). The Tiedel court reversed the district court's award of attorney's fees because the fees were allowed pursuant to a local federal district rule that prescribed mediation procedures which included an award of attorney's fees against a party who had lost in the mediation hearing and then was unsuccessful when pursuing the case through litigation. Tiedel 's only relevance to this case is that it recognizes that federal courts can award attorney's fees when authorized by state law
 
 
 [3]
 We welcome appellant's appropriately referring the court to Hemmerle v. Bramalea, Inc., 547 So.2d 203 (Fla. 4th D.C.A.1989), and Richardson v. Honda Motor Co., 686 F.Supp. 303 (M.D.Fla.1988), cases that are contrary to its position. In the latter case, the district court reasoned that section 45.061 was substantive because the statute creates, defines, and regulates substantive rights rather than prescribing methods of enforcing rights or obtaining redress for their invasion. The issue, however, was whether section 45.061 was substantive or remedial and whether section 45.061 could be applied retroactively. That inquiry is very different from the inquiry here. Whether a state law is substantive or procedural for the purposes of Erie is a federal question and is not governed by state law. Budinich v. Becton Dickinson and Co., 486 U.S. 196, 108 S.Ct. 1717, 1719-20, 100 L.Ed.2d 178 (1988). The statue may have its "substantive aspect," but it also is procedural. We note that the Committee Bill which formed the basis for section 45.061 is captioned "An act relating to civil procedure...." 1987 Fla.Laws 87-249 at 1721. Additionally, the Florida Supreme Court has since amended the statute and incorporated it into the Florida Rules of Civil Procedure. See Fla.R.Civ.P. 1.442 (1990). See also The Florida Bar re Amendment to Rules, 550 So.2d 442, 442-43 (Fla.1989)