571 So.2d 600 (1990)
Percy Louis LUIZZA, Appellant,
v.
Elva S. YAEGER, Appellee.
No. 90-00686.
District Court of Appeal of Florida, Second District.
December 28, 1990.
*601 Thomas P. Whitaker, Jr. of Price, Price & Prouty, Bradenton, for appellant.
Charles J. Cheves of Cheves, Rapkin & DeCiantis, P.A., Venice, for appellee.

ON MOTION FOR CLARIFICATION
We grant Appellant's motion for clarification. We withdraw our opinion of October 26, 1990, and substitute the following.
THREADGILL, Judge.
Percy Luizza, defendant below, appeals from a final order denying his motion for attorney's fees and costs. We affirm that portion of the order which denied attorney's fees, but reverse and remand as to costs.
During the pendency of a suit for personal injuries arising out of a motor vehicle accident, Luizza served an offer of judgment in the amount of $6,501.00 on plaintiff Elva Yaeger pursuant to section 768.79, Florida Statutes (1987). The jury returned a verdict for Luizza, finding no liability, and the trial court entered final judgment for him, reserving jurisdiction to determine costs and attorney's fees.
The trial court denied Luizza's motion for attorney's fees and costs, based on this court's decision in Aspen v. Bayless, 552 So.2d 298 (Fla. 2d DCA 1989). After the briefs were filed in this case, the Florida Supreme Court quashed our decision in Aspen. See Aspen v. Bayless, 564 So.2d 1081 (Fla. 1990). Aspen, therefore, would no longer impede Luizza's recovery of costs or fees.
Luizza predicates his entitlement to attorney's fees and costs upon section 768.79, Florida Statutes. Defendant Luizza is not, however, entitled to recover under this section. In our recent decisions in Gunn v. DePaoli, 562 So.2d 427 (Fla. 2d DCA 1990) and Kline v. Publix Supermarkets, Inc., 568 So.2d 929 (Fla. 2d DCA 1990), we held that a defendant may not recover attorney's fees and costs following an offer of judgment under section 768.79, Florida Statutes, unless a judgment is rendered in favor of the plaintiff. Since there was no judgment rendered in favor of the plaintiff Yaeger, defendant Luizza was not entitled to attorney's fees and costs pursuant to section 768.79. See also Oriental Imports, Inc. v. Alilin, 559 So.2d 442 (Fla. 5th DCA 1990); Makar v. Investors Real Estate Management, Inc., 553 So.2d 298 (Fla. 1st DCA 1989).
The above cited cases do not, however, preclude Luizza's recovery of costs as a prevailing party under section 57.041, Florida Statutes (1987), and we therefore remand this cause to the trial court for a determination of such costs.
Reversed in part, and remanded.
SCHEB, A.C.J., and DANAHY, J., concur.