PER CURIAM.
In 1988, this Court requested the Civil Procedure Rules Committee (the “Committee”) to examine any possible conflict between sections 768.79 and 45.061, Florida Statutes (1987), and Florida Rule of Civil Procedure 1.442, governing offers of judgment. In response, the Committee petitions for adoption of a rule. We have jurisdiction. Art. V, § 2(a), Fla. Const.
In its pertinent part, the rule change proposed by a majority of the Committee (by a vote of twenty to four) would alter the present procedure by which parties are sanctioned for failure to accept bona fide offers of settlement prior to trial. The change would require a sanction equal to: (a) 15% of an unaccepted offer to pay any time the jury verdict is less than 75% of the offer; and (b) 15% of an unaccepted offer to accept any time the jury verdict is more than 125% of the offer. The Committee argues that the present sanction, consisting of costs, is inadequate to deter unnecessary litigation; and it urges this Court to declare unconstitutional sections 768.79 and 45.061, Florida Statutes.
The minority of the committee favored the rule proposal in all respects except the sanction. The four members of the minority believe the sanction should consist entirely of costs.
The Board of Governors of The Florida Bar (“Board”) has rejected the sanctions proposal of the Committee. Instead, it urges this Court to retain the current rule’s sanctions but to extend the coverage to all parties. The Board agrees that sections 768.79 and 45.061 should be declared unconstitutional.
We also have received argument and comments from a number of other persons and their suggestions have been considered by the Court.
The proposal submitted by the Committee raises a serious question of whether this Court impinges upon the legislative prerogative to enact substantive law if we adopt a “procedural” sanction of this type. While we agree that this Court has authority to create rules imposing sanctions and requiring payment of costs and attorneys fees when a party violates the rules, it is not so clear that a sanction is “procedural” when it imposes a “fine” based on a percentage of an unaccepted offer, especially when a party may have done nothing more serious than guessing wrong about a jury verdict.
We do not find it necessary, however, to reach this question. After considering argument and written submissions, we are of the opinion that a sanction based on a percentage of an offer will not have the positive effects urged by the Committee. We believe it is wiser policy to have a sanction based on costs and attorneys fees. This is what the legislature did in both of the statutes under review in this opinion, and this legislative determination is persuasive. Accordingly, we have modified the proposed rule as set forth in the appendix to this opinion to reflect the major components of the statutes in question.
In modifying the rule, we have incorporated certain provisions taken from sec *443 tions 768.79 and 45.061 as well as suggestions from the Committee, the Board, and a number of commentators who have filed letters or responses on the proposal. Our final rule imposes a sanction based entirely on costs and attorneys fees, but strengthens the existing rule to permit sanctions whenever an offer of judgment is unreasonably refused and the subsequent judgment is disproportionate to that offer by more than 25%. For instance, we have added extensive new language defining what can constitute an unreasonable refusal and clarifying the extent of the trial court’s discretion on this question.
Finally, in this nonadversarial petition we decline to address the constitutionality of the purely substantive aspects of sections 768.79 and 45.061. However, we agree with the Committee that sections 768.79 and 45.061 impinge upon this Court’s duties in their procedural details. For instance, the time limits for acceptance of an offer in the two statutes are inconsistent; section 768.79 allows only thirty days while section 45.061 permits forty-five days. Accordingly, we address the issue in the present proceeding pursuant to our constitutional duty to adopt uniform rules of procedure governing the courts of this state. Art. V, § 2(a), Fla. Const.
We hold that the confusion created by the enactment of sections 768.79 and 45.061 and their uncertain relationship to rule 1.442 require this Court to adopt a new rule. We withdraw present rule 1.442, effective at 12:01 a.m., January 1, 1990. The replacement rule set forth in the appendix is adopted by this Court, effective at 12:01 a.m., January 1, 1990. To the extent the procedural aspects of new rule 1.442 are inconsistent with sections 768.79 and 45.-061, the rule shall supersede the statutes.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDonald, shaw, barkett, GRIMES and KOGAN, JJ.; concur.
APPENDIX
Rule 1.442. Offer of Judgment
(a) Applicability. This rule applies only to actions for money damages.
(b) Time Requirements. To be effective, an offer of judgment must be served no sooner than 60 days after the offeree has filed its first paper in the action and no later than 60 days prior to trial, except that the offeree may serve a counteroffer within 15 days after service of an offer notwithstanding the time limits of this rule.
(c) Form of Offer.
(1) An offer of judgment may be made by any party or parties.
(2) The offer shall be in writing; shall settle all pending claims; shall state that it is made pursuant to this rule; shall name the party or parties making the offer and the party or parties to whom the offer is made; shall briefly summarize any relevant conditions; shall state the total amount of the offer; and shall include a certificate of service in the form required by Rule 1.080(f).
(d) Counteroffers.
(1) A counteroffer is an offer made by a party with respect to a prior unexpired offer or counteroffer made to that party.
(2) Counteroffers shall conform to all the requirements of offers, except as otherwise specified in this rule.
(e) Service and Filing. The offer of judgment shall be served upon the party or parties to whom it is made but shall not be filed unless accepted or unless necessary to enforce the provisions of this rule.
(f) Acceptance, Failure to Accept and Rejection.
(1) Offers of judgment shall be deemed rejected for purposes of this rule unless accepted by filing both a written acceptance and the written offer with the court within 30 days after service of the offer. Upon proper filing of both the offer and acceptance, the court shall enter judgment thereon.
(2) A counteroffer operates as a rejection of an unexpired offer or unexpired counteroffer.
(3) A rejection of an offer terminates the offer.
*444 (g) Withdrawal. An offeror may withdraw the offer in a writing served on the offeree before a written acceptance is served on the offeror. Once withdrawn in this manner, the offer is void.
(h) Sanctions.
(1)Upon motion made within 30 days after the return of the verdict in a jury action or the date of filing of the judgment in a non-jury action, the court may impose sanctions equal to reasonable attorneys fees[1] and all reasonable costs of the litigation [2] accruing from the date the relevant offer of judgment was made whenever the court finds both of the following:
(A) that the party against whom sanctions are sought has unreasonably rejected or refused the offer, resulting in unreasonable delay and needless increase in the cost of litigation; and
(B) that either
(i) an offer to pay was refused and the damages awarded in favor of the offeree and against the offeror are less than 75 percent of the offer; or
(ii) an offer to accept payment was refused and the damages awarded in favor of the offeror and against the offeree are more than 125 percent of the offer.
(2)In determining entitlement to and the amount of a sanction, the court may consider any relevant factor, including:
(A) the merit of the claim that was the subject of the offer;
(B) the number, nature and quality of offers and counteroffers made by the parties;
(C) the closeness of questions of fact and law at issue;
(D) whether a party unreasonably refused to furnish information necessary to evaluate the reasonableness of an offer;
(E) whether the suit was in the nature of a test case presenting questions of far-reaching importance affecting nonparties;
(F) the fact that, at the time the offer was made and rejected, it was unlikely that the rejection would result in unreasonable cost or delay;
(G) the fact that a party seeking sanctions has himself unreasonably rejected an offer or counteroffer on the same issues or engaged in other unreasonable conduct;
(H) the fact that the proceeding in question essentially was equitable in nature;
(I) the lack of good faith underlying the offer; or
(J) the fact that the judgment was grossly disproportionate to the offer.
(3)No sanction under this rule shall be imposed in any class action or shareholder derivative suit, nor in any proceeding involving dissolution of marriage, alimony, nonsupport, child custody or eminent domain.
(i) Evidence of Offer. Evidence of an offer is admissible only in proceedings to enforce an accepted offer or to determine the imposition of sanctions under this rule, and not otherwise.

. Obviously, if attorneys fees are otherwise obtainable, this rule would not permit a double recovery of attorneys fees.

. This is not necessarily limited only to taxable costs.