590 So.2d 15 (1991)
WINN DIXIE STORES, INC., Appellant,
v.
Patricia ELBERT a/k/a, Patricia Bryant, Appellee.
No. 89-2982.
District Court of Appeal of Florida, Fourth District.
November 27, 1991.
Richard N. Blank of Richard N. Blank, P.A., Fort Lauderdale, for appellant.
No appearance for appellee.
PER CURIAM.
This is an appeal from the trial court's denial of a motion for attorney's fees. The facts of the case are simple and straightforward. Plaintiff sued defendant as a result of an alleged slip and fall at the premises of the defendant Winn Dixie Stores.
Defendant filed an offer of judgment pursuant to section 768.79, Florida Statutes (1987), in the amount of $250.00 on April 7, 1989. In addition, defendant also extended an offer of settlement to plaintiff pursuant to section 45.061, Florida Statutes (1987), again offering $250.00. It should be noted that this offer of settlement was not filed with the court. Appellee accepted neither *16 the offer of judgment nor the offer of settlement prior to trial.
A jury trial was held on September 26, 1989, resulting in a verdict in favor of the appellant. Thereafter, in a timely fashion, appellant moved to tax costs and attorney's fees. The trial court granted appellant costs but denied fees. This appeal followed.
Section 768.79, Florida Statutes (1989)[1], provides in part:
(1)(a) In any action to which this part applies, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred from the date of filing of the offer if the judgment obtained by the plaintiff is at least 25 percent less than such offer.

(Emphasis added). This statute has been consistently construed to require a judgment in favor of the plaintiff to trigger its enforcement. Mujica v. Turner, 582 So.2d 24 (Fla.3d DCA 1991); Luizza v. Yaeger, 571 So.2d 600 (Fla. 2d DCA 1990); Kline v. Publix Supermarkets, Inc., 568 So.2d 929 (Fla. 2d DCA 1990); Gunn v. DePaoli, 562 So.2d 427 (Fla. 2d DCA 1990); Oriental Imports, Inc. v. Alilin, 559 So.2d 442 (Fla. 5th DCA 1990); Makar v. Investors Real Estate Management, Inc., 553 So.2d 298 (Fla. 1st DCA 1989). Therefore, it cannot serve as a basis for an award of attorney's fees in this case.
Section 45.061, Florida Statutes, provides in part:
An offer shall be presumed to have been unreasonably rejected by a plaintiff if the judgment entered is at least 25 percent less than the offer rejected.
It has been held that prior to an award of attorney's fees in a situation such as the case here, there must be a judgment rendered in favor of the plaintiff. See Coe v. B & D Transp. Serv., Inc., 561 So.2d 469 (Fla. 2d DCA 1990).
Appellant, however, argues that a verdict awarding appellee nothing is certainly 25 percent less than the offer, thus activating the applicable portion of either statute. It would appear that appellant's position is well founded. It is unreasonable to think that the legislature in enacting either or both of these statutes intended to award attorney's fees in the event of a verdict of $1.00 where an appropriate offer had been filed but not in the case of a "defense verdict" with an appropriate offer.
Based on the foregoing, we reverse that portion of the order of the trial court denying attorney's fees. We remand to the trial court to first determine whether the offer was rejected unreasonably by the plaintiff and then, if it finds it was, determine an appropriate award of attorney's fees. While the statute creates a presumption of unreasonable rejection if the judgment is for 25% less than the offer rejected, it does not make it a conclusive presumption. Thus, the question would be whether any offer by a defendant in a case may be reasonably rejected by the plaintiff. It may be that a small offer is made solely to permit an award of attorney's fees under the statute if the defendant prevails on liability.
If the purpose of the statute is to encourage settlements and thus avoid expensive litigation, then the offers made should be something the opposing party should reasonably be expected to accept. Nominal offers may be reasonable to the defendant but may not be serious settlement offers for the plaintiff. The statute should not be interpreted to compel a plaintiff to either "throw in the towel" or face a substantial attorney's fee award if in a close case the jury finds no liability.
Reversed and remanded.
WARNER and POLEN, JJ., and SHAHOOD, GEORGE A., Associate Judge, concur.
NOTES
[1] This statute was amended in 1990 to include "judgments of no liability". See chapter 90-119, § 48, Laws of Florida. However, this case is governed by the earlier statute.