591 So.2d 311 (1991)
Milton GROSS and Gloria Gross, his wife, Appellants,
v.
ALBERTSON'S, INC., a foreign corporation, Appellee.
No. 90-1833.
District Court of Appeal of Florida, Fourth District.
December 27, 1991.
Rehearing and Certification Denied January 30, 1992.
*312 James F. Pollack, James F. Pollack, P.A., Coral Gables, for appellants.
Edward D. Schuster, Pyszka, Kessler, Massey, Weldon, Catri, Holton & Douberley, P.A., Fort Lauderdale, for appellee.
PER CURIAM.
This is an appeal from a final judgment awarding attorney's fees to a victorious defendant under section 45.061, Florida Statutes (1989). We affirm.
The appellants filed suit against the appellee for negligence which resulted in a fall by the appellant husband. The appellant wife made a derivative claim for loss of consortium. After ten months of discovery the appellee's attorney sent an offer of settlement pursuant to section 45.061 and Florida Rule of Civil Procedure 1.442 in the amount of $200.00. No response was made to this offer. The case was tried, and the jury returned a verdict in favor of the defendant finding the defendant not *313 negligent, and a judgment was entered accordingly. The appellees thereafter moved for assessment of fees and costs pursuant to section 45.061, Florida Statutes. After a hearing the trial court entered a final judgment on attorney's fees and costs in the amount of $24,397.50. This appeal follows.
Pertinent parts of Section 45.061, Florida Statutes provide as follows:
(1) At any time more than 60 days after the service of a summons and complaint on a party but not less than 60 days (or 45 days if it is a counteroffer) before trial, any party may serve upon an adverse party a written offer, ... [providing for procedure for submitting offer]. (2) If upon a motion by the offeror within 30 days after the entry of judgment, the court determines that an offer was rejected unreasonably, resulting in unnecessary delay and needless increase in the cost of litigation, it may impose an appropriate sanction upon the offeree....
... .
An offer shall be presumed to have been unreasonably rejected by a defendant if the judgment entered is at least 25 percent greater than the offer rejected, and an offer shall be presumed to have been unreasonably rejected by a plaintiff if the judgment entered is at least 25 percent less than the offer rejected... . (3) In determining the amount of any sanction to be imposed under this section, the court shall award:
(a) The amount of the parties' costs and expenses, including reasonable attorneys' fees, investigative expenses, expert witness fees, and other expenses which related to the preparation for trial, incurred after the making of the offer of settlement... .
Appellants challenge the constitutionality of section 45.061, citing Milton v. Leapai, 562 So.2d 804 (Fla. 5th DCA 1990), where the Fifth District found section 45.061 to be unconstitutional. We respectfully disagree with the Fifth District as to the constitutionality of the statute. In Hemmerle v. Bramalea, Inc., 547 So.2d 203 (Fla. 4th DCA 1989), this court concluded that section 45.061 was substantive, citing Richardson v. Honda Motor Co., 686 F. Supp. 303 (M.D.Fla. 1988), which noted that the statute created a substantive right of attorney's fees against a party unreasonably rejecting an offer of settlement as set forth in sections (2) and (3). See also A.G. Edwards & Sons, Inc. v. Davis, 559 So.2d 235 (Fla. 2d DCA 1990). Thus, being substantive in nature, sections 45.061(2) and (3) create substantive rights, do not infringe on the Supreme Court's exclusive rule making authority in Article V, section (2)(a) and therefore are not unconstitutional. Furthermore, even if 45.061(1) is unconstitutional because it contains procedural aspects, we hold that sections (2) and (3) are severable from section (1) and that amended Florida Rule of Civil Procedure 1.442 provides the procedural aspects in making an offer. See Florida Bar Re Amendment to Rules of Civil Procedure, Rule 1.442 (Offer of Judgment), 550 So.2d 442 (Fla. 1989).
Appellants next claim that there must be a judgment for the plaintiff in order to trigger section 45.061. Because there was a defense verdict in this case, no award of attorney's fees could be entered. While section 768.79(1)(a), Florida Statutes (1989) which is similar to section 45.061, refers to a "judgment obtained by the plaintiff", there is no comparable requirement in section 45.061. Instead section 45.061(2) merely refers to "the judgment entered" being twenty-five percent less than the offer rejected. Since the judgment was entered for the defendant, thus entitling the plaintiff to no damages, the $200 is more than 25% greater than what appellant recovered and therefore the statutory presumption is satisfied. Of the same effect is Memorial Sales, Inc. v. Pike, 579 So.2d 778 (Fla. 3d DCA 1991); contra Timmons v. Combs, 579 So.2d 840 (Fla. 1st DCA 1991).
At oral argument we requested that the parties provide us with the legislative history behind section 45.061, Florida Statutes, to determine whether any legislative intent could be ascertained which would assist us in interpreting whether or not the "judgment *314 entered" would include a judgment in favor of a defendant. The parties have admirably complied with this and have given us tapes of the legislative hearings. In a portion of the debate of House Bill 321 which became section 45.061, Florida Statutes, the following exchange occurred towards the end of the discussion:
 Thank you Mr. Chairman, my name is Eric Tilton, Academy of Trial Lawyers and we do support the bill. We believe that this will discourage litigation actually more to the point it will discourage delays in litigation (inaudible). It seems to me that you could make a one line amendment that would say if the defense has made an offer and there's a defense verdict in the case the Plaintiff can't (inaudible), or the Defendant is entitled to fees and costs. That would be easy to do.
 Mr. McQuin whispered in my ear that maybe your alternative is to offer a dollar and if you offer the dollar that's going to be more than 25%.
That's right. We have to agree on that. So you don't want an amendment?
I don't think that we need an amendment.
All you need is to offer a dollar.
It appears that the legislators considered the very situation present here, that is, where the defense makes an offer and a defense verdict is returned. The legislature concluded that it would be covered by the existing version of section 45.061. Thus, the legislative history confirms the interpretation that we give to the statute today. At best, the legislation is ambiguous, and where legislation is ambiguous the courts should look to the legislative history to interpret the statutes. See Streeter v. Sullivan, 509 So.2d 268 (Fla. 1987). In addition, it is significant to note that section 768.79, the similar statute regarding offers of judgment, was amended in 1990 to clarify that a defense verdict would trigger fee entitlement under section 768.79, Florida Statutes, as well.
Finally, appellants assert that the trial court failed to expressly find that the offer was unreasonably rejected as is required by section 45.061(2). The statute creates a statutory presumption that an offer was unreasonably rejected by a plaintiff where as here the judgment entered is at least twenty-five percent less than the offer rejected. The rejected offer met that criteria in this case and appellants, who had the burden to overcome the presumption, argued that an offer of $200 was on its face unreasonable given the facts of the case and the fact that the expenses alone incurred by appellants were close to $10,000.00. Appellee put on another defense lawyer who testified that a $200 offer was reasonable because there was no liability, the plaintiff had made several substantial contradictory statements in his testimony, had preexisting conditions that he was being treated for, and, "with facts like that a $200 offer of judgment I believe was more than reasonable", indicating that it was enough to pay for the filing fees and service fees and to get out of the suit without incurring any further liabilities. The trial court found that the offer was reasonable.
Although no affirmative finding of unreasonable rejection was made, it was implicit in the trial court's ruling, since the matter was specifically addressed by the plaintiff both by motion and at the hearing. While the defense "expert" did not testify that the offer was "unreasonably rejected", since that would require that it be looked at from the standpoint of the plaintiff's case, we think the trial court's ruling is supported by substantial competent evidence. The trial court had the benefit of presiding over the trial. The plaintiffs were both badly discredited by their untruthful testimony. The record would support a determination that plaintiffs unreasonably rejected a way out of this lawsuit without further expense.
Appellants also argue that the judgment for the attorney's fees should not be rendered against the wife, whose claim of loss of consortium was only derivative, because the $200 offer could not possibly have included any claim for derivative damages. We question whether or not the objection was properly preserved, but even if it were so, we find the claim meritless. *315 The offer of settlement letter was directed to both plaintiffs. Section 45.061(2) reads "[i]f ... the court determines that an offer was rejected unreasonably, ... it may impose an appropriate sanction upon the offeree." (emphasis supplied) Since the appellant wife was an offeree, the trial court did not err.
Finally, however, appellants claim that the final judgment did not contain the specific findings required by Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985). The trial court awarded a lump sum and did not make any written findings with respect to hourly rate and reasonable number of hours. We therefore affirm but remand for the trial court to amend the final judgment to set forth the specific findings required by Rowe. See Fitzgeorge v. Andre, 564 So.2d 1264 (Fla. 4th DCA 1990).
Affirmed and remanded.
WARNER, J., and STEVENSON, MATTHEW W., Associate Judge, concur.
ANSTEAD, J., concurs specially with opinion.
ANSTEAD, Judge, specially concurring.
I am concerned about that part of the majority opinion concluding that the evidence was sufficient to support a finding that the plaintiffs unreasonably rejected a $200 settlement offer. Of course, there was no actual finding to that effect. Such a finding is tantamount to a conclusion that the plaintiffs' case was frivolous. Indeed, the major thrust of the appellee's argument in support of the award is that the credibility of the appellants was severely undermined at trial. I am not certain, however, that this is a basis for concluding that the $200 pretrial offer was unreasonably rejected. I concur because of the presumption created by the statute in favor of the prevailing party and the total failure of the plaintiffs' lawyer to provide the trial court with any basis to overcome the presumption.