595 So.2d 968 (1992)
LENNAR CORPORATION, et al., Appellants,
v.
Miriam MUSKAT, Appellee.
No. 90-1476.
District Court of Appeal of Florida, Third District.
January 28, 1992.
Rehearing Denied April 21, 1992.
Walton Lantaff Schroeder & Carson and G. Bart Billbrough, Miami, for appellants.
Greenfield & Duval and Louis C. Arslanian, Winter Park, for appellee.
Before SCHWARTZ, C.J., and FERGUSON and GODERICH, JJ.
SCHWARTZ, Chief Judge.
After the appellants-defendants Lennar Corporation and Lennar Homes, Inc. made, and the plaintiff-appellee, Miriam Muskat, rejected an offer of settlement pursuant to section 45.061, Florida Statutes (1987), the jury returned a verdict for Lennar and Muskat's appeal from the adverse judgment was dismissed for failure to prosecute. See Muskat v. Lennar, 582 So.2d 629 (Fla. 3d DCA 1991) (table). Supported by a sworn motion concerning the manner in which the amount of the settlement offer was determined,[1] Lennar moved for sanctions under sections 45.061(2), (3). Although Muskat made no evidentiary showing to rebut the presumption of unreasonable rejection created by section 45.061(2)(b),[2] the trial judge denied the motion *969 without explanation.[3] We reverse.
As we have today in Collection Chevrolet, Inc. v. Value Rent-A-Car, Inc., 595 So.2d 98 (Fla. 3d DCA 1992), we hold both that section 45.061 is constitutional, Leapai v. Milton, 595 So.2d 12 (Fla. 1992), and that it applies when judgment is entered for the defendant. On the latter issue, we again certify conflict with Timmons v. Combs, 579 So.2d 840 (Fla. 1st DCA 1991), review granted, 587 So.2d 470 (Fla. 1991) and Westover v. Allstate Ins. Co., 581 So.2d 988 (Fla.2d DCA 1991). See Leapai v. Milton, 595 So.2d at 14 (issue noted but not resolved).
On the merits, we conclude that the presumption of unreasonable rejection created under these circumstances was not rebutted as a matter of law, see Gross v. Albertson's, Inc., 591 So.2d 311 (Fla. 4th DCA 1991), and that the trial judge therefore erred in failing to grant the motion for sanctions. The cause is remanded solely for the purpose of determining the amount to be assessed under section 45.061(3).
Reversed.
NOTES
[1] The underlying claim was for a $163,000 brokerage commission which Lennar knew  and the jury obviously agreed (as do we)  was totally fraudulent. The offer of $2,000 represented an amount which Lennar appropriately considered would permit Muskat to recover her costs and reasonable expenses, without the necessity of incurring further ones and avoiding the subsequent imposition of costs against her. In our judgment, unlike the honestly disputed claim which was involved in Winn Dixie Stores, Inc. v. Elbert, 590 So.2d 15 (Fla. 4th DCA 1991), Lennar's offer in these circumstances, at least prima facie, was a reasonable one within the meaning of section 45.061(2).
[2] Offers of settlement 
* * * * * *
(b) An offer shall be presumed to have been unreasonably rejected by a defendant if the judgment entered is at least 25 percent greater than the offer rejected, and an offer shall be presumed to have been unreasonably rejected by a plaintiff if the judgment entered is at least 25 percent less than the offer rejected. For the purposes of this section, the amount of the judgment shall be the total amount of money damages awarded plus the amount of costs and expenses reasonably incurred by the plaintiff or counter-plaintiff prior to the making of the offer for which recovery is provided by operation of other provisions of Florida law.
[3] The trial court also denied Lennar's concomitant motion for attorney's fees under section 57.105. Our disposition of the case makes it unnecessary to consider the appellants' very substantial contention that this ruling was also erroneous.