SCHWARTZ, Chief Judge.
Value Rent-A-Car, Inc. sued Collection Chevrolet, Inc., in September, 1987, for the allegedly negligent storage of an automobile. On April 29,1988, Collection tendered an $8,350 offer of judgment to Value pursuant to section 45.061, Florida Statutes (1987).[1] The offer was not accepted and-the case ended with a jury verdict and judgment for Collection, which was affirmed on appeal. See Value Rent-A-Car, Inc. v. Collection Chevrolet, Inc., 570 So.2d 1376 (Fla. 3d DCA 1990). In the present proceeding, Collection moved for sanctions under 45.061(2), (3), Florida Statutes (1987), on the ground that the offer had been unreasonably rejected. The trial judge denied the motion on the sole ground that section 45.061 was unconstitutional. We hold to the contrary.
On the authority of Leapai v. Milton, 595 So.2d 12 (Fla.1992) we conclude that section 45.061 is valid and enforceable. See also Gross v. Albertson’s, Inc., 591 So.2d 311 (Fla. 4th DCA 1991); accord Lennar Corp. v. Muskat, 595 So.2d 968 (Fla. 3d DCA 1992).
We reiterate our holding in Memorial Sales, Inc. v. Pike, 579 So.2d 778 (Fla. 3d DCA 1991) that the statute applies when, as here, the case results in an outright judgment for the defendant rather than one for the plaintiff for less than the offer. See Lennar, 595 So.2d at 969. On this issue, as well, we find Gross v. Albert-son’s to be compelling supporting authority. However, we acknowledge conflict with Timmons v. Combs, 579 So.2d 840 (Fla. 1st DCA 1991), review granted, 587 So.2d 470 (Fla.1991) and Westover v. Allstate Ins. Co., 581 So.2d 988 (Fla. 2d DCA 1991). See Leapai v. Milton, 595 So.2d at 15 (issue noted but not resolved).
Based upon these holdings, the order under review is reversed and the cause remanded with directions that the trial court consider the appellant’s motions for sanctions on its merits.
Reversed.

. The statute provides in part as follows:
(1) At any time more than 60 days after the service of a summons and compliant on a party but not less than 60 days (or 45 days if it is a counteroffer) before trial, any party may serve upon an adverse party a written offer ... [providing for procedure for submitting offer].
(2) If, upon a motion by the offeror within 30 days after the entry of judgment, the court determines that an offer was rejected unreasonably, resulting in unnecessary delay and needless increase in the cost of litigation, it may impose an appropriate sanction upon the offeree....

******

An offer shall be presumed to have been unreasonably rejected by a defendant if the judgment entered is at least 25 percent greater than the offer rejected, and an offer shall be presumed to have been unreasonably rejected by a plaintiff if the judgment entered is at least 25 percent less than the offer rejected. ...
(3)In determining the amount of any sanction to be imposed under this section, the court shall award:
(a) The amount of the parties’ costs and expenses, including reasonable attorneys’ fees, investigative expenses, expert witness fees, and other expenses which relate to the preparation for trial, incurred after the making of the offer of settlement....