602 So.2d 1342 (1992)
Brenda Lee O'NEIL, Appellant,
v.
WAL-MART STORES, INC., Appellee.
No. 90-2218.
District Court of Appeal of Florida, Fifth District.
July 24, 1992.
Phares M. Heindl, Lake Mary, for appellant.
Vincent M. D'Assaro of Cameron, Marriott, Walsh & Hodges, P.A., Orlando, for appellee.
GRIFFIN, Judge.
This is the appeal of a final judgment awarding attorneys' fees to a defendant under section 45.061, Florida Statutes (1987), after a defense verdict in the tort action below.
Brenda Lee O'Neil ("O'Neil"), as the natural guardian of Ashley Ann O'Neil, filed a negligence action against Wal-Mart Stores, Inc. ("Wal-Mart") claiming her three-year old child had been burned when overheated cheese sauce was dropped on her leg. Prior to trial, Wal-Mart made an offer of judgment under section 45.061, Florida Statutes (1987) in the amount of one dollar ($1.00) plus taxable costs. O'Neil never responded to the offer and it expired. After a jury verdict was rendered in its favor, Wal-Mart moved to tax attorneys' fees and costs under section 45.061. The court granted the motion, awarding Wal-Mart $16,722 in attorneys' fees and $1,408.99 in costs. In so doing, the court apparently overlooked or found inapplicable this court's opinion in Milton v. Leapai, *1343 562 So.2d 804 (Fla. 5th DCA 1990), which earlier had held that the 1987 version of section 45.061 was unconstitutional. O'Neil appealed the judgment awarding fees, relying mainly on the Milton decision; however, the Florida Supreme Court has subsequently overturned Milton, holding that the statute is constitutional. Leapai v. Milton, 595 So.2d 12 (Fla. 1992).
The second issue on appeal concerns whether section 45.061, Florida Statutes (1987) permits an award of attorneys' fees to a prevailing defendant. In Milton, the Florida Supreme Court expressly reserved judgment on this issue because it had not been raised by the parties. Id. at 62. The Supreme Court of Florida has now answered this question in the affirmative.[1]Timmons v. Combs, 17 F.L.W. S443, 1992 WL 156471 (Fla. July 9, 1992).
Next we must consider O'Neil's "unreasonable rejection" issues. O'Neil contends initially that the order awarding fees must be reversed because the trial court did not make any reference in its order to whether the offer was "unreasonably rejected." Section 45.061(2) requires the court to determine whether "an offer was rejected unreasonably" prior to making an award under its provisions. Based on the statutory language, this court has previously suggested that a written finding of unreasonable rejection is a predicate to an award of such fees. Curenton v. Chester, 576 So.2d 969 (Fla. 5th DCA 1991). Cf. Hostetter-Jones v. Morris Newspaper Corp., 590 So.2d 533 (Fla. 5th DCA 1991). Wal-Mart contends that, because section 45.061(2) creates a presumption that a plaintiff unreasonably rejected the offer if the judgment rendered is at least twenty-five percent less than the offer rejected, no express finding is necessary in cases where the presumption applies. Gross v. Albertson's, Inc., 591 So.2d 311, 314 (Fla. 4th DCA 1991). By its terms, however, the statutory presumption is not absolute and the trial court is required by the statute to "consider all of the relevant circumstances at the time of the rejection." A losing plaintiff can overcome the presumption of "unreasonable rejection", and one factor for the trial court to consider is the amount of the offer. See Lennar Corp. v. Muskat, 595 So.2d 968 (Fla. 3d DCA 1992); Gross, 591 So.2d 311. See also Fla.R.Civ.P. 1.442(h); § 90.301, Fla. Stat. (1987). Express findings supporting the "unreasonable rejection" conclusion are needed in order to permit meaningful appellate review of such fee awards.
O'Neil next argues that the nominal amount of the offer of judgment ($1.00) could not support a finding of "unreasonable rejection" or that such a conclusion would require a finding that Wal-Mart was not negligent as a matter of law. This argument appears to find expression in Judge Anstead's special concurrence in Gross:
I am concerned about that part of the majority opinion concluding that the evidence was sufficient to support a finding that the plaintiffs unreasonably rejected a $200 settlement offer. Of course, there was no actual finding to that effect. Such a finding is tantamount to a conclusion that the plaintiff's case was frivolous. Indeed, the major thrust of the appellee's argument in support of the award is that the credibility of the appellants was severely undermined at trial. I am not certain, however, that this is a basis for concluding that the $200 pretrial offer was unreasonably rejected. I concur because of the presumption created by the statute in favor of the prevailing party and the total failure of the plaintiffs' lawyer to provide the trial court with any basis to overcome the presumption.
*1344 Gross, 591 So.2d at 315. The argument made by O'Neil was framed by the Supreme Court of Florida in slightly different terms  in Milton, the court stated, "We do have some concerns as to whether a one dollar offer of settlement is a bona fide offer." Milton, 595 So.2d at 15 n. 2.
Whether a one dollar offer of judgment could ever be "unreasonably rejected" is a valid question, but we think the answer is "yes." An offer by a defendant of one dollar is concededly not likely to produce an early settlement of the case, which is the ostensible purpose of the offers of settlement. On the other hand, if a plaintiff's weak case has not improved prior to trial or if a plaintiff's strong case has been undermined in the course of litigation, avoidance of paying the adverse party's fees might properly impel the plaintiff to accept such an offer. In addition, where a defendant is convinced of its lack of liability, the defendant should not be required to offer a substantial settlement in order to obtain the benefit of the statute. Finally, a holding that a $1.00 offer is never bona fide or unreasonably rejected would simply engender a line of "$2.00", "$10.00" or "$100.00" cases seeking still higher thresholds. It should be noted in this regard that the offer in this case was $1.00 plus taxable costs. Even (or perhaps, especially) in a small case like this one, such costs as filing fees, service of process and court reporter expenses are not insignificant sums. A plaintiff who realizes he has a losing case on liability or no provable damages has a real incentive to salvage those expenditures (and to avoid exposure to the defendant) by timely acceptance of such an offer.
In the present record, there is no express oral or written reference to unreasonable rejection. Nor do we have any record of the proceedings below that would allow us to determine whether unreasonable rejection was either considered or supported in the record. Accordingly, we reverse and remand the matter to the trial court for further proceedings consistent with this opinion.
REVERSED and REMANDED.
PETERSON, J., concurs.
HARRIS, J., concurring specially, with opinion.
HARRIS, Judge, concurring specially:
I concur with the analysis of the majority opinion as it relates to the first and third issues. I concur with the second issue only because Timmons v. Combs, 1992 WL 156471 (Fla. 1992) requires me to. To apply a statute enacted for the apparent purpose of making both the plaintiff and the defendant realistically evaluate damages to cases decided on liability, seems to be based on an apples/oranges analysis. Such holding appears to be based on the assumption that a defense verdict is the same as a plaintiff's verdict of "0" damages.[1] And since "0" is less than 25 percent of any offer, attorney's fees are permitted by the statute.
Before Timmons, some believed that a defense verdict, most often, was based on a lack of liability and not on a consideration of damages  25 percent or otherwise. Timmons now permits the defendant in a case involving huge damages to convert the damages analysis standard for attorney's fees into a prevailing party standard by merely offering a token settlement. If that were truly the intent of the legislature, one wonders why it did not evenhandedly provide attorney's fees to all prevailing parties in tort actions.
NOTES
[1] We note that in light of the legislature's effort to resolve issues that have resulted from the plethora of offer of judgment statutes and rules, section 768.79, Florida Statutes was amended in 1990 to incorporate certain features of section 45.061 and section 45.061 was preserved only for causes of action accruing before October 1, 1990. The new statute has its own new ambiguity on the issue of application to defense verdicts. James C. Hauser, The New Offer Of Judgment Statute, 7 Fla.B.J. 19, 20 (1991); see generally Note, A Constitutional Challenge To Florida's Offer of Judgment Statutes, 21 Stetson L.Rev. 603 (1992).
[1] Gross v. Albertson's, Inc., 591 So.2d 311 (Fla. 4th DCA 1991).