FARMER, Judge.
On the merits of this appeal involving a jury verdict in favor of the defendant in a personal injury case, we affirm the trial court’s denial of a motion for new trial. We have held our opinion in anticipation of two supreme court decisions on the issue of attorney’s fees arising from offers of settlement and judgment made by the defendant before trial. The court having now decided both Leapai v. Milton, 595 So.2d 12 (Fla.1992), and Timmons v. Combs, 1992 WL 156471, 17 F.L.W. 443 (Fla. July 9, 1992), we proceed to decide defendant’s motion for attorney’s fees on appeal.
Plaintiffs’ cause of action accrued in May 1988. Defendant based its offer of settlement/judgment on rule 1.442 and section 45.061, Florida Statutes (1989).[1] It offered the sum of $50,000, which appears to have been rejected as a result of no response by the plaintiffs. The jury returned a defense verdict. Within a week of the return of the verdict, defendant filed its offer of settlement/judgment. The trial court has yet to pass on the issue whether defendant’s offer complied with the requirements of section 45.061 and whether any rejection of the offer was unreasonable.
It is now apparent that section 45.061 is not unconstitutional as an unwarranted interference with the supreme court’s article V powers to control procedure in state courts. Leapai, 595 So.2d at 14-15; see also Art. y, § 2(a), Fla. Const. (1972). Plaintiffs’ only other argument against fees is that the judgment is in favor of the defendant, but the language of the statute allows fees to the defendant only when the judgment is in favor of the plaintiff. This argument has been rejected by our decision in Winn-Dixie Stores Inc. v. Elbert, 590 So.2d 15 (Fla. 4th DCA 1991), and the conclusion has now received the approval of the supreme court. Timmons, at-.
Accordingly, as we did in Elbert, we remand to the trial court for a determination in the first instance as to the formalities of compliance with section 45.061 and whether plaintiffs’ rejection, if indeed they did reject the offer, was unreasonable under the circumstances of this case. If the court determines that the requirements of the statute have been met, that any rejec *574 tion was unreasonable and that a sanction should be imposed, the court is authorized to include an attorney’s fee for this appeal.
AFFIRMED; REMANDED WITH INSTRUCTIONS.
LETTS and DELL, JJ., concur.

. The legislature has since repealed section 45.-061 with respect to causes of action that accrue after October 1, 1990. See Ch. 90-119, §§ 22 and 55, Laws of Florida; and Timmons v. Combs, — So.2d—(Fla. 1992).