W. SHARP, Judge.
State Farm Mutual Automobile Insurance Company appeals from a post-judgment order which denied it an award of attorney’s fees pursuant to sections 45.061 and 768.79, Florida Statutes (1991), and to Florida Rule of Civil Procedure 1.442, and which awarded it $5,218.02 in costs under the prevailing party statute.[1] State Farm argues it was entitled to an attorney’s fee award even though the jury returned a defense verdict, because under the circumstances of this ease, it is clear that the plaintiffs below (Thelma and Gordon Malmberg) unreasonably rejected State Farm’s offer to settle the case for $100,001. We agree in part, and remand this cause for further proceedings.
In June of 1987, Thelma Malmberg had an automobile collision with George Sherrets, Jr. State Farm insured both vehicles. With State Farm’s approval, the Malmbergs settled with Sherrets for the maximum amount due under his liability policy with State Farm.
In June of 1990, the Malmbergs sued State Farm under the uninsured motorist provisions of their policy with State Farm. Thelma sought damages for her permanent injuries suffered in the accident with Sherrets, and Gordon sought damages for loss of consortium. On August 20, 1991, State Farm served the Malmbergs with an offer to settle the case for $100,001, provided the offer was accepted within thirty days. The offer was made pursuant to sections 45.061 and 768.79, *757 Florida Statutes (1991), and Florida Rule of Civil Procedure 1.442.
Apparently the settlement proffered by State Farm was not accepted.[2] Nor does the record contain any counteroffers by the Malmbergs, or additional offers by State Farm. The cause proceeded to a jury trial, which produced a verdict for State Farm. The verdict contains the express finding that Thelma did not sustain a permanent injury within a reasonable degree of medical probability as a result of the 1987 accident.
In due course, State Farm moved for an award of costs and attorney’s fees. The court awarded $5,218.02 in costs against the Malmbergs, but it denied any attorney’s fee award, without any findings. On the record at the hearing on attorney’s fees and costs, the trial judge stated he thought sections 45.061 and 768.79 precluded attorney’s fee awards in cases involving a defendant’s verdict and a “zero” award for a plaintiff.
After the order in this ease was entered, various appellate decisions regarding the application of sections 45.061 and 768.79 were decided. They hopefully have clarified this decidedly murky area of the law of Florida. Unfortunately, they came too late to assist the trial judge in this case.
We agree with the Malmbergs that rule 1.442 and section 768.79 afford no basis for an award of attorney’s fees in this case. In Timmons v. Combs, 608 So.2d 1 (Fla.1992), the Florida Supreme Court held that section 768.79, prior to its amendment effective October 1, 1990, did not permit an award of attorney’s fees to a defendant where no judgment had been rendered in favor of a plaintiff. See Curenton v. Chester, 576 So.2d 969 (Fla. 5th DCA 1991). Section 768.79 has been amended to allow attorney’s fee awards to prevailing defendants, but that amendment expressly provides the statute only applies to policies issued or renewed after October 1, 1990. Since the Malmbergs’ accident occurred in 1987, obviously their insurance policy with State Farm predates the amendment.
Timmons also held that pursuant to section 45.061, the jury need not return a verdict for the plaintiff in order for a defendant, who made an offer of settlement, to be awarded attorney’s fees.[3] It reaffirmed that section 45.061 is constitutional,[4] to the extent it provides a substantive right to attorney’s fees. Further, it held that rule 1.442 only controls the procedural aspects of how an offer of judgment must be made, and it provides no substantive right to claim an award of attorney’s fees.
Thus section 45.061 appears to be solely controlling in this case.[5] Section 45.-061 became effective July 2, 1987, after the date of the Malmbergs’ accident, but as the supreme court clarified in Leapai v. Milton, 595 So.2d 12 (Fla.1992), the key to the operation of the statute is the unreasonable rejection of an offer of settlement. The offer of settlement is the triggering mechanism for section 45.061, not the date the accident occurred. Metropolitan Dade County v. Jones Boatyard, Inc., 611 So.2d 512 (Fla.1993). State Farm made the offer of settlement in this ease in 1991, after section 45.061 became effective.[6]
When an offer of settlement is made in compliance with the provisions of section 45-061, the party who makes the offer can move for attorney’s fees, costs, and expenses. If the court determines that the offer was rejected unreasonably, resulting in unnecessary delay and needless increase in the cost of litigation, it may impose “an appropriate *758 sanction on the offeree.” § 45.061(2), Fla. Stat. (1991). The sanction to be imposed is an award of “[t]he amount of the parties’ costs and expenses, including reasonable attorneys’ fees, investigative expenses, expert witness fees, and other expenses which relate to the preparation for trial, incurred after the making of the offer of settlement.” (emphasis added). § 45.061(3)(a), Fla.Stat. (1991).
In deciding whether an offeree unreasonably rejected an offer of settlement, the statute directs the trial judge to consider “all of the relevant circumstances at the time of the rejection.” § 45.061(2), Fla.Stat. (1991). Specifically, the statute suggests relevant circumstances may include:
(a) Whether, upon specific request by the offeree, the offeror had unreasonably refused to furnish information which was necessary to evaluate the reasonableness of the offer.
(b) Whether the suit was in the nature of a “test-case,” presenting questions of far-reaching importance affecting nonparties.-
§ 45.061(2), Fla.Stat. (1991). The statute further provides:
An offer shall be presumed to have been unreasonably rejected by a defendant if the judgment entered is at least 25% greater than the offer rejected, and an offer shall be presumed to have been unreasonably rejected by a plaintiff if the judgment entered is at least 25% less than the offer rejected.
§ 45.061(2), Fla.Stat. (1991).
When a motion for sanctions is made pursuant to section 45.061, a hearing relating to these concerns should be held, and the trial judge should support an imposition of sanctions or a refusal to do so, with findings. See Johnston v. Kloster Cruise Ltd., 604 So.2d 572 (Fla. 4th DCA 1992); O’Neil v. Wal-Mart Stores, Inc., 602 So.2d 1342 (Fla. 5th DCA 1992); Winn Dixie Stores, Inc. v. Elbert, 590 So.2d 15 (Fla. 4th DCA 1991). The preliminary determination involves a two-part inquiry. The first inquiry is whether an offer of settlement was in fact made by the offeror, and whether it met the requirements of section 45.061. The second inquiry is whether the offer was, in fact, rejected by the offeree, or whether it must be deemed to have been rejected by inaction on the part of the offeree.
The next crucial determination is whether, at the time the offer was made, the offeree acted unreasonably in not accepting it. Many facts and circumstances might be relevant, depending upon the particular case, and the situation in which the offeree found himself, and what he reasonably knew about the case at the time the offer was made. As the statute suggests, if the offeror withheld information about the case from the offeree so that the offeree was not in a position to analyze the merits of the case and the offer, a rejection would not be unreasonable. In this case, the fact that State Farm insured both the Malmbergs and the tortfeasor, might be relevant on that issue.
For guidance in making this determination on remand, we posit that the statutory presumption of unreasonable rejection provided by the statute (because zero is 25% less than any offer made) is not conclusive and it should not apply in this case.[7] That provision was designed as a threshold or bright line point for cases where a plaintiffs verdict is obtained. Here the verdict clearly indicates (as well as the substantial amount offered by State Farm to settle) that damages was not the problem in this case. The issues here were (1) causation — whether the 1987 accident caused Thelma’s injuries; or (2) permanency — whether Thelma’s injuries were permanent.
To resolve the motion in this case, the trial judge will have to evaluate the liability aspects of the Malmbergs’ lawsuit, as reasonably known to them when the offer was made in 1991. To merit an award of fees to State Farm, the offer must be found to be one the Malmbergs reasonably should have been expected to accept. As the fourth district stated in Winn Dixie, “[t]he statute should not be interpreted to compel a plaintiff to either ‘throw in the towel’ or face a substantial attorney’s fee award if in a close case the *759 jury finds no liability.” Winn Dixie, 590 So.2d at 16.
In this ease, if the Mahnbergs had a reasonable chance to prevail at trial on liability and their provable damages could reasonably have exceeded the offer by a sufficient amount to make going to trial (in lieu of accepting the offer) a reasonable course of action, then the trial court should find that they did not unreasonably reject State Farm’s offer and that sanctions are not appropriate. This statute should not operate to deprive plaintiffs of their right to seek resolution of their causes-of-action in the courts of this state. Sanctions should be reserved to punish unreasonable actions by litigants in refusing a reasonable and fair offer to settle, thereby causing unnecessary expense and delay.
If the court finds the offer was unreasonably rejected, then it “may” impose an “appropriate” sanction as provided by section 45.061. But, only those attorney’s fees, costs, and expenses incurred after making the offer are awardable. Hemmerle v. Bramalea, Inc., 547 So.2d 203 (Fla. 4th DCA 1989), rev. denied, 558 So.2d 18 (Fla.), cert. denied, 496 U.S. 926, 110 S.Ct. 2620, 110 L.Ed.2d 641 (1990). In this ease, State Farm has already recovered all of its costs, so any sanction must be limited to an award of attorney’s fees.
Accordingly, we reverse the trial court’s order denying State Farm attorney’s fees, and we remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
HARRIS, C.J., and PETERSON, J., concur.

. § 57.041, Fla.Stat. (1991).

. Perhaps it was rejected de hors the record on appeal.

. See also Johnston v. Kloster Cruise, Ltd., 604 So.2d 572 (Fla. 4th DCA 1992); O’Neil v. Wal-Mart Stores, Inc., 602 So.2d 1342 (Fla. 5th DCA 1992); Winn Dixie Stores, Inc. v. Elbert, 590 So.2d 15 (Fla. 4th DCA 1991); Memorial Sales, Inc. v. Pike, 579 So.2d 778 (Fla. 3d DCA 1991).

. See also Leapai v. Milton, 595 So.2d 12 (Fla.1992).

. The parties to this appeal do not argue section 45.061 is inapplicable to this case. They only argue that it was not properly applied below.

. The Florida Legislature has repealed section 45.061 for causes of action accruing after October 1, 1990. § 45.061(6), Fla.Stat. (1991); Timmons v. Combs, 608 So.2d 1 (Fla.1992).

. § 45.061(2), Fla.Stat. (1991).