639 So.2d 615 (1994)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Petitioner,
v.
Thelma S. MALMBERG, et al., Respondents.
No. 82468.
Supreme Court of Florida.
July 7, 1994.
Francis J. Carroll, Jr. of Boehm, Brown, Rigdon, Seacrest & Fischer, P.A., Daytona Beach, for petitioner.
M. Thomas Bond, Jr. of Bond, Arnett & Phelan, P.A., Ocala, for respondents.
HARDING, Justice.
We have for review State Farm Mutual Automobile Insurance Co. v. Malmberg, 623 So.2d 755 (Fla. 5th DCA 1993), based upon conflict with Timmons v. Combs, 608 So.2d 1 (Fla. 1992). We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution and quash the decision below.
This case arose from an automobile collision between Thelma Malmberg and George Sherrets, Jr. in June 1987. State Farm Mutual Automobile Insurance Company insured both vehicles. Thelma Malmberg and her husband, Gordon, settled with Sherrets for the maximum amount due under Sherrets' liability policy. In June 1990 the Malmbergs sued State Farm for recovery of damages under their uninsured motorist coverage. *616 On August 20, 1991, State Farm served the Malmbergs with an offer to settle for $100,001 pursuant to sections 45.061 and 768.79, Florida Statutes (1991), and Florida Rule of Civil Procedure 1.442.[1] The Malmbergs rejected the offer, and the case went to trial. At trial, the jury found for State Farm and awarded the Malmbergs no damages. State Farm then filed its offer to settle. The insurer filed a motion to tax costs and attorney fees, claiming that the Malmbergs unreasonably rejected its offer. The Malmbergs relied on section 45.061(2), which says that the rejection of an offer by the plaintiff is presumed to be unreasonable if the judgment at trial is "at least 25 percent less than the offer rejected."
The trial judge awarded $5,218.02 in costs, but denied attorney fees. On appeal, the Fifth District Court of Appeal reversed, holding that while the statutory presumption of unreasonableness is not conclusive and does not apply in cases where there is a verdict for the defense, attorney's fees should be awarded if the trial judge determines that the rejection of State Farm's offer to settle was in fact unreasonable. Malmberg, 623 So.2d at 758. To be unreasonable, the district court said that the offer must have been one the Malmbergs reasonably should have been expected to accept. Id. Thus, the district court remanded to the trial court to make this determination.
While we agree with the district court "that the statutory presumption of unreasonable rejection provided by the statute (because zero is 25% less than any offer made) is not conclusive," id., we disagree that the presumption does not apply in this case.
In Timmons, this Court held that section 45.061 applied to defendants' verdicts. We quashed the First District Court of Appeal's decision that a defendant may not recover under section 45.061 where there was no judgment for the plaintiff and stated:
In the case of a defendant's judgment, the plaintiff's recovery of nothing will always be greater than twenty-five percent less than a defendant's offer of something.... Finally, we note that to accept the decision of the court below would present the anomaly that a plaintiff would be required to pay costs and attorney's fees if he or she obtained a judgment that was at least twenty-five percent less than the defendant's rejected offer, but the plaintiff would not have to pay if he or she lost the case entirely.
Timmons, 608 So.2d at 2.
We find no language in the statute or in Timmons which would indicate that the presumption of unreasonable rejection in section 45.061 should not apply when there is a verdict for the defendant. That provision is not, as the district court stated in Malmberg, "designed as a threshold or bright line point for cases where a plaintiff's verdict is obtained." 623 So.2d at 758.
We do agree with the district court's holding that the presumption of unreasonable rejection is not conclusive. In Straughn v. K & K Land Management, 326 So.2d 421, 424 (Fla. 1976), this Court held that to be constitutional, a statutory presumption must be rebuttable. Furthermore, in Public Health Trust of Dade County v. Valcin, 507 So.2d 596, 599 (Fla. 1987), this Court reasoned that a conclusive presumption "violates due process in its failure to provide the adverse party any opportunity to rebut." Thus, the offeree must have an opportunity to rebut the presumption.[2]
*617 Accordingly, we quash the decision below and remand for proceedings consistent with this opinion. We adhere to the Timmons rule that allows section 45.061 to be applied to verdicts for the defendant.
It is so ordered.
GRIMES, C.J., OVERTON, SHAW and KOGAN, JJ., and McDONALD, Senior Justice, concur.
NOTES
[1] Section 45.061, Florida Statutes (1991), is solely controlling in this case. Section 45.061(2) provides in pertinent part:

An offer shall be presumed to have been unreasonably rejected by a defendant if the judgment entered is at least 25 percent greater than the offer rejected, and an offer shall be presumed to have been unreasonably rejected by a plaintiff if the judgment entered is at least 25 percent less than the offer rejected.
Section 768.79, Florida Statutes (1991), allows attorney's fee awards to prevailing defendants, but only for policies issued or renewed after October 1, 1990. This statute obviously does not apply to the Malmbergs' 1987 accident.
Florida Rule of Civil Procedure 1.442 covers the procedural aspect of offers of judgments. This Court repealed the rule in Timmons v. Combs, 608 So.2d 1 (Fla. 1992).
[2] Florida recognizes two types of rebuttable presumptions, the "bursting bubble" presumption and the presumption shifting the burden of proof. §§ 90.303, .304, Fla. Stat. (1991). In the instant case, the Malmbergs do not challenge the constitutionality of the presumption. Therefore, at this time, we will not decide into which category of presumption it falls.