PER CURIAM.
Sonja Brooks, pro se, appeals a final judgment awarding attorney’s fees and costs to South Seminole Community Hospital (hospital) pursuant to section 768.79, Florida Statutes (1997), Florida’s offer of judgment statute.[1] Brooks sought damages for injuries to her sciatic nerve allegedly caused by an injection given to her by a hospital nurse. The hospital made an offer of judgment for $75,-000 which Ms. Brooks countered with a demand for $175,000. Neither the offer nor the demand was accepted before the trial that resulted in a finding of no liability.
Unfortunately, Ms. Brooks appeared pro se after two successive attorneys withdrew, the first citing irreconcilable differences with the client, and the second citing his client’s refusal to enter a fee agreement with the law firm. Apparently, the trial court allowed Ms. Brooks a reasonable time to seek other coun *1049 sel, but she elected to proceed without assistance.
No transcript of the trial exists, nor of the hearing on attorney’s fees and costs. At-hough she argues on appeal that the $75,000 offer of judgment was not made in good faith, she is unable to support her allegation with any record support.
Ms. Brooks also argues that the hospital is not entitled to an award of fees and costs because it did not obtain a judgment in its favor as required by section 768.79, Florida Statutes. That argument also must fail because the statute was amended in 1990 to allow an award of fees and costs when judgments of no liability are rendered. See Winn Dixie Stores, Inc. v. Elbert, 590 So.2d 15,16 n. 1 (Fla. 4th DCA 1997).
AFFIRMED.
DAUKSCH, PETERSON and ANTOON, JJ., concur.

. Section 768.79, Florida Statutes, provides in relevant part:
Offer of judgment and demand for judgment.—
(1) In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attomey's fees against the award. Where such costs and attorney’s fees total more than the judgment, the court shall enter judgment for the defendant against the plaintiff for the amount of the costs and fees, less the amount of the plaintiff's award. If a plaintiff filed a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, she or he shall be entitled to recover reasonable costs and attorney's fees incurred from the date of the filing of the demand. If rejected, neither an offer nor demand is admissible in subsequent litigation, except for pursuing the penalties of this section.