**DILLINGHAM–HEALY–GROW–DEW, a joint venture, Plaintiff,**

v.

**MILWAUKEE METROPOLITAN SEWERAGE DISTRICT, Defendant.**

Civ. A. No. 92–C–486.

United States District Court, E.D. Wisconsin.

Aug. 26, 1992.

Jane C. Schlicht, Godfrey & Kahn, S.C., Milwaukee, Wis., for plaintiff.

James H. Peterson, Sr. Staff Atty., Milwaukee Metropolitan Sewerage Dist., Milwaukee, Wis., for defendant.

## ORDER

TERENCE T. EVANS, Chief Judge.

Two motions are pending in this dispute over a construction contract: a motion to strike introductory portions of the complaint and a motion to strike an offer of settlement made pursuant to section 807.-01(3) and (4), Wisconsin Statutes. Jurisdiction is based on diversity of citizenship.

Four out-of-state contractors who are plaintiffs here—Dillingham Construction N.A., Inc., S.A. Healy Company, Grow Tunneling Corporation, and C. Dew & Son, Inc.—formed a joint venture (referred to here as DHGD) and contracted with the Milwaukee Metropolitan Sewerage District (MMSD) to construct what is referred to as the crosstown interceptor deep tunnel sewer project, which runs beneath downtown Milwaukee, Wisconsin. DHGD contends that throughout the construction of the tunnel, DHGD encountered subsurface water and rock conditions which were materially different from those indicated at the time of the bid. DHGD wanted more money. The dispute was submitted to a panel of tunnel experts for evaluation, and their nonbinding recommendation upheld the claim for more compensation. MMSD has refused to accept the recommendations and has sought to negotiate a settlement outside the context of the recommendations.

MMSD has moved to strike an introductory portion of the complaint, arguing that it violates rule 10 of the Federal Rules of Civil Procedure in that it does not state a claim in numbered paragraphs and is not limited to a single set of circumstances. MMSD also claims that the material in the paragraph is found elsewhere, in allegations 36 through 42. The sole purpose of the material, MMSD alleges, is to prejudice anyone picking up the complaint.

I cannot say that the material is "impertinent" or "scandalous," though it may be "redundant." See rule 12(f), Fed.R.Civ.P. As to the claim that the material is preju-

dicial, I note that even if stricken, because of the nature of public records the material would still exist in the public file. Nothing would be served by ordering that another complaint be filed or that the language be stricken. MMSD has adequately evaluated, admitted, and denied the various claims as they are restated more specifically in allegation 36 through 42. The motion is DENIED.

The motion to strike the offers of settlement—termed by MMSD as a motion for "appropriate relief"—presents a more difficult problem. This is a diversity case and the substantive law to be applied is that of the state of Wisconsin. The offers of settlement are made pursuant to section 807.-01(3) and (4), Wisconsin Statutes. MMSD argues that those statutes are procedural, not substantive, and that therefore pursuant to the doctrine stemming from *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the offers must be stricken.

█ Section 807.01(3) and (4) provides that a plaintiff may serve a written offer of settlement. If the defendant does not accept the offer and the plaintiff recovers a judgment greater than or equal to the offer, the plaintiff "is entitled to interest at the annual rate of 12% on the amount recovered from the date of the offer of settlement until the amount is paid."

Three published cases have been decided on this issue in federal courts in Wisconsin. In *Hutchison v. Burning Hills Steel Co., Inc.*, 559 F.Supp. 553 (E.D.Wis.1983) and *Klawes v. Firestone Tire & Rubber Co.*, 572 F.Supp. 116 (E.D.Wis.1983), Judges John W. Reynolds and Robert W. Warren, respectively, determined that section 807.01 is not applicable in federal diversity cases. On the other hand, Judge Barbara Crabb determined that it was in *Datapoint Corp. v. M & I Bank of Hilldale*, 665 F.Supp. 722 (W.D.Wis.1987). The court of appeals for the Eleventh Circuit found that an analogous Florida statute was applicable in federal court. *Tanker Management, Inc. v. Brunson*, 918 F.2d 1524 (1990).

Under *Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980), the first step in the analysis of this issue is to determine whether there is a federal rule of civil procedure which is broad enough to control the issue. If there is a rule, then the rule controls. If not, the next step is to determine, under the principles of *Erie Railroad*, whether the state statute is applicable.

█ The only relevant federal rule is rule 68, which governs offers of judgment. That rule, however, is narrower in scope than the Wisconsin statute. It applies only to offers made by persons *defending* a claim and provides costs as the remedy if the recovery made by the party rejecting the offer is less favorable than the offer. The Wisconsin statute, on the other hand, applies to offers of settlement made by either plaintiffs or defendants and provides, as a remedy, interest on the judgment at the rate of 12%. The scope of rule 68 is narrower than the statute.

I must next look to the principles set out in *Erie* and determine, in effect, whether a failure to apply the statute would mean that a different result would be reached in federal court than in state court. The answer is obvious. Application of the statute would mean that under appropriate circumstances, DHGD would receive 12 percent interest on any judgment it might win if that judgment is more favorable than the offer of settlement. If the statute is not applied, DHGD cannot even make an offer of judgment: it is the plaintiff, and rule 68 does not apply to plaintiffs. DHGD, it follows, would not receive 12 percent interest, although, it must be noted, it could be entitled to a 5 percent rate for prejudgment interest. The outcome would be different in state and federal courts. The motion to strike the offers of settlement is DENIED. In diversity actions, Wis.Stat. § 807.01(3) and (4) may be utilized in federal court.

IT IS THEREFORE ORDERED that the defendant's motion to strike is DENIED.

IT IS FURTHER ORDERED that the defendant's motion for "appropriate relief" is DENIED.