**S.A. HEALY COMPANY, Plaintiff,**

v.

**MILWAUKEE METROPOLITAN SEWERAGE DISTRICT,
Defendant.**

**No. 91–C–1260.**

United States District Court,
E.D. Wisconsin.

Dec. 6, 1994.

See also 154 F.R.D. 212.

Watt, Tieder & Hoffer by Mark A. Sgarlata, McLean, VA, Godfrey & Kahn by Jane C. Schlicht, Milwaukee, WI, for plaintiff.

Robert Crawford, Milwaukee, WI, for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

On November 21, 1991, the plaintiff, S.A. Healy Company ["Healy"], filed a complaint in this court asserting various state law claims against the Milwaukee Metropolitan Sewerage District ["MMSD"] arising out of a dispute concerning their construction contract. Federal jurisdiction over this action is grounded in 28 U.S.C. § 1332(a)(1), as the matter in controversy exceeds the sum of $50,000 and is one between citizens of different states.

A jury trial was conducted in the action from Monday, July 11, 1994, through Friday, July 22, 1994. On July 22, 1994, the jury returned a verdict for the plaintiff in the amount of $1,574,021, and a judgment was entered in favor of Healy for this amount, plus costs, on that same date. Presently before the court are the following two motions: (1) Healy's "Motion for Costs and Interest Pursuant to Wisconsin Statute § 807.01"; and (2) MMSD's "Motion to Stay Execution on the Judgment and Waiver of any Supersedeas Bond."

### I. Motion for Costs and Interest Pursuant to Wis.Stat. § 807.01

In its motion for costs and interest pursuant to Wis.Stat. § 807.01, the plaintiff seeks interest and double the amount of its taxable costs under Wis.Stat. § 807.01. Wis.Stat. § 807.01(3) provides:

> the plaintiff may serve upon the defendant, a written offer of settlement for the sum, or property, or to the effect therein specified, with costs.... If the offer of settlement is not accepted and the plaintiff recovers a more favorable judgment, the plaintiff shall recover double the amount of the taxable costs.

Wis.Stat. § 807.01(2) is substantially similar to Wis.Stat. § 807.01(3) except that it permits the **defendant** to make an offer of settlement. In addition, Wis.Stat. § 807.01(4) states:

> If there is an offer of settlement by a party under this section which is not accepted and the party recovers a judgment which is greater than or equal to the amount specified in the offer of settlement, the party is entitled to interest at the annual rate of 12% on the amount recovered from the date of the offer of settlement until the amount is paid.

It is undisputed that Healy made an offer of settlement on November 29, 1993, in the amount of $1,125,000 pursuant to Wis.Stat. § 807.01(3). That offer was not accepted by MMSD. On July 22, 1994, judgment was entered in favor of Healy in the amount of $1,574,021. As a result, Healy maintains that it is entitled to double its taxable costs and to interest at the rate of 12% from November 29, 1993, until paid.

■ Rule 68, Federal Rules of Civil Procedure, which governs offers of judgment in federal court, is seemingly contrary to Wis. Stat. § 807.01 as it provides, in part (with emphasis added):

> At any time more than 10 days before the trial begins, a **party defending against a claim** may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the

clerk shall enter judgment.... If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer....

Thus, under Rule 68, a plaintiff may make an offer of judgment only as to any counterclaim asserted against it. As the offer of judgment made by Healy did not relate to any such counterclaim, Healy was not permitted to make the offer under Rule 68, Federal Rules of Civil Procedure.

■ The merits of Healy's claim that the state statute governs the disputed issue depend upon a finding that Wis.Stat. § 807.01, as opposed to Rule 68, is applicable in diversity actions in federal court. In diversity cases, the substantive law to be applied is that of the state of Wisconsin. MMSD argues that the relevant provisions of Wis.Stat. § 807.01 are *procedural* and therefore must yield to the controlling and conflicting federal rule of procedure—Rule 68, Federal Rules of Civil Procedure. Healy does not dispute MMSD's characterization of Wis.Stat. § 807.01 as a procedural rule; however, it disagrees with MMSD's conclusion that the state statute is overridden by Rule 68, Federal Rules of Civil Procedure.

■ In determining whether a state procedural rule should be employed in a federal diversity case, the court must first consider whether there is a Federal Rule of Civil Procedure sufficiently broad in scope to control the disputed procedural issue. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 749–50, 100 S.Ct. 1978, 1985, 64 L.Ed.2d 659 (1980). If there is such a rule, that rule controls provided that it is within the scope of the Rules Enabling Act, 28 U.S.C. § 2072, and a constitutional grant of power. *Walker*, 446 U.S. at 747–48, 100 S.Ct. at 1983. If there is no federal rule which covers the point in dispute, the principles of *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), commands the enforcement of state law. *Hanna v. Plumer*, 380 U.S. 460, 470, 85 S.Ct. 1136, 1143, 14 L.Ed.2d 8 (1965).

To date, three branches of the eastern district of Wisconsin have addressed the issue of the applicability of Wis.Stat. § 807.01 in federal diversity cases. Two have concluded that the state statute is not applicable. *Hutchison v. Burning Hills Steel Co., Inc.*, 559 F.Supp. 553 (E.D.Wis.1983) (Reynolds, J.); *Klawes v. Firestone Tire & Rubber Co.*, 572 F.Supp. 116, 119 (E.D.Wis.1983) (Warren, J.). On the other hand, in *Dillingham–Healy v. Milwaukee Metropolitan Sewerage District*, 796 F.Supp. 1191, 1193 (E.D.Wis. 1992) (Evans, C.J.), the district court concluded that the scope of Rule 68, Federal Rules of Civil Procedure, was more narrow than Wis.Stat. § 807.01 and, therefore, was not sufficiently broad in scope to cover the procedural issue. *Dillingham*, 796 F.Supp. at 1193. The court went on to determine that the purposes of the *Erie* doctrine would be better served if Wis.Stat. § 807.01 were used in federal diversity cases. *Dillingham*, 796 F.Supp. at 1193; *Datapoint Corp. v. M & I Bank of Hilldale*, 665 F.Supp. 722, 728–29 (W.D.Wis.1987) (Crabb, J.).

■ I find that Rule 68, insofar as it addresses the procedure for making an offer of judgment in federal court, is sufficiently broad to cover the resolution of the issue presently before this court. Rule 68 precludes a non-defending party—such as Healy—from making an offer of judgment and then holding the defending party—MMSD— liable for costs if the judgment, if any, obtained by the non-defending party exceeds the sum offered. That Rule 68 is less liberal than the state procedural rule in terms of its grant of the privilege of an offer of settlement does not mean that the scope of the federal rule is too narrow to control the procedural issue in dispute.

■ Rule 68 is also within the ambit of the Rules Enabling Act which states, in part:

"The Supreme Court shall have the power to prescribe, by general rules, the forms of process, writs, pleadings, and motions, and the practice and procedure of the district courts of the United States in civil actions.... Such rules shall not abridge, enlarge or modify any substantive right and shall preserve the right of trial by jury...."

Where, as here, a disputed issue is covered by a federal rule, the court must also deter-

mine whether application of the rule will abridge, enlarge or modify any *substantive* right. *See Platis v. Stockwell,* 630 F.2d 1202, 1205 (7th Cir.1980). Neither party disputes that Rule 68 is a rule of procedure. Admittedly, the application of Rule 68 will effect the plaintiff's rights as it does not extend the privilege of an offer of settlement to non-defending parties such as the plaintiff. However, this effect does not amount to an enlargement, abridgment or modification of the substantive rule of law at issue in this case— state contract law. Rather, Rule 68 is a procedural directive which is aimed at "augmenting the fairness and efficiency of the litigation process in federal court," *Platis,* 630 F.2d at 1206 (citing Ely, *The Irrepressible Myth of Erie,* 87 Harv.L.Rev. 693, 725 (1974)), as it "encourag[es] settlements and avoid[s] protracted litigation." 12 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 3001 (1973).

The requirement that Rule 68 be within the constitutional power of the legislative and judicial branches of government is also satisfied. The United States Supreme Court has recognized that:

> the constitutional provision for a federal court system ... carries with it congressional power to make rules governing the practice and pleading in those courts, which in turn includes a power to regulate matters which, though falling within the uncertain area between substance and procedure, are rationally capable of classification as either.

*Hanna,* 380 U.S. at 471–72, 85 S.Ct. at 1144. *See also Platis,* 630 F.2d at 1206.

■ I conclude that the requirements of Rule 68, Federal Rules of Civil Procedure, must be adhered to in diversity actions in federal court. Accordingly, Healy's motion for costs and interest under Wis.Stat. § 807.01 will be denied.

As an additional matter, I reject Healy's argument that MMSD has waived the right to object to Healy's request for costs under Wis.Stat. § 807.01 because it did not move to strike the offer of settlement when it was made. Healy improperly raised this argument for the first time in its reply brief which did not permit MMSD to respond. In addition, Healy cites no authority for the proposition it advances.

### II. Motion to Stay Execution on the Judgment and Waiver of any Supersedeas Bond

■ MMSD seeks an order under Local Rule 9.05 and Rule 62(d), Federal Rules of Civil Procedure, for a stay upon the execution of judgment and a waiver of any supersedeas bond. Under Rule 62(d), Federal Rules of Civil Procedure, when an appeal is taken, an appellant is permitted to obtain a stay of the execution of the judgment by giving a supersedeas bond. According to Rule 9.05,

> [a] supersedeas bond, where the judgment is for a sum of money only, shall be in the amount of the judgment plus fifteen (15) percent to cover interest and such damages for delay as may be awarded plus $500.00 to cover costs.

■ The decision to stay execution of a judgment pending appeal without requiring a bond is within a court's discretion. *Lightfoot v. Walker,* 797 F.2d 505, 506 (7th Cir.1986). When making this decision, a court should consider the following criteria: (1) "the complexity of the collection process"; (2) "the amount of time required to obtain a judgment after it is affirmed on appeal"; (3) "the degree of confidence that the district court has in the availability of funds to pay the judgment"; (4) whether the defendant's ability to pay the judgment is so obvious that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial state that "the requirement to post a bond would place other creditors of the defendant in an insecure position." *Dillon v. City of Chicago,* 866 F.2d 902, 904– 05 (7th Cir.1988).

■ MMSD offered the affidavit of Mark Kaminski, the assistant controller for MMSD, which the plaintiff did not dispute, which outlined the method of payment of the judgment in this action. According to Mr. Kaminski's affidavit, MMSD is able to pay the judgment within seven days after issuance of the mandate by the court of appeals for the seventh circuit out of a fund maintained with the State of Wisconsin Local

Government Pooled Investment Fund ["investment fund"]. As of September 1, 1994, MMSD had a balance of $83,400,000 in the fund. Mr. Kaminski states that upon notice to the fund by 10:00 a.m. on any business day, $1,574,021 (plus applicable interest) will be available the following business day to pay Healy's judgment. In addition, Mr. Kaminski asserts that payment of the judgment will be done without any deliberation or legislative vote by the commission of the MMSD.

Clearly, the investment fund of $83,400,000 has sufficient assets to cover Healy's $1,574,-021 judgment against MMSD. MMSD has adequately demonstrated that these funds are available to pay judgments without substantial delay or other difficulty. Healy makes a general attack on the sufficiency of these funds but has not presented any evidence which contradicts Mr. Kaminski's sworn representations that the money in the investment fund can be utilized by MMSD to pay its judgment. *Cf. Lightfoot,* 797 F.2d 505 (court of appeals denied request for waiver of supersedeas bond by the state of Illinois because the state had not established a particular fund from which judgments are satisfied).

I am satisfied that funds are available to MMSD to pay the judgment in a prompt and workable manner if the judgment is affirmed on appeal. Accordingly, MMSD's motion to stay execution on the judgment and waiver of the supersedeas bond will be granted.

Therefore, IT IS ORDERED that Healy's "Motion for Costs and Interest Pursuant to Wisconsin Statute § 807.01" be and hereby is denied.

IT IS ALSO ORDERED that MMSD's "Motion to Stay Execution on the Judgment and Waiver of any Supersedeas Bond" be and hereby is granted.

IT IS FURTHER ORDERED that the execution of Healy's judgment be and hereby is stayed without bond pending appeal.